BENTON, Judge.
The Security Mutual Life Insurance Company of Lincoln, Nebraska (Security Mutual) appeals a final order entered by an administrative law judge, insofar as it dismissed Security Mutual’s petition for an administrative determination that the Insurance Department’s disapproval of certain contract forms constituted an unpromulgated rule. The forms were for contracts labeled “single premium annuity,” which permitted payment of more than a single premium. We affirm the order under review to the extent it concluded that the “Department’s single premium annuity statement [disapproving the forms] does not create new law but represents the Department’s enforcing existing laws, Sections 627.411(l)(c) and 626.9541(l)(a)5.,” Florida Statutes (1997), which forbid misleading titles, headings, and advertising.
The same order determined that a different agency statement did constitute an unpromulgated rule in violation of section 120.54(l)(a), Florida Statutes (1997), a determination we do not disturb on the Department’s cross-appeal. Because Security Mutual’s challenge succeeded in this regard, Security Mutual was entitled to an award of attorney’s fees under section 120.595(4), Florida Statutes (1997). Insofar as the order under review denied Security Mutual’s request for attorney’s fees, we are obliged to reverse. With limited exceptions, an award of costs and attorney’s fees in such circumstances is mandatory.
The final order under review granted in part Security Mutual’s petition alleging, under section 120.56(4), Florida Statutes (1997), that section 120.54(l)(a), Florida Statutes (1997), had been violated. The Administrative Procedure Act of 1974, as amended in 1996, Ch. 96-159, § 25, at 196, Laws of Fla., (and as further amended in 1997, Ch. 97-176, § 11, at 3333, Laws of Fla., to include exceptions not applicable here) provides:
(4) CHALLENGES TO AGENCY ACTION PURSUANT TO SECTION 120.56(4).—
(a) Upon entry of a final order that all or part of an agency statement violates s. 120.54(l)(a), the administrative law judge shall award reasonable costs and reasonable attorney’s fees to the petitioner, unless the agency demonstrates that the statement is required by the Federal Government to implement or retain a delegated or approved program or to meet a condition to receipt of federal funds.
(b) Notwithstanding the provisions of chapter 284, an award shall be paid from the budget entity of the secretary, executive director, or equivalent administrative officer of the agency, and the agency shall not be entitled to payment of an award or reimbursement for payment of an award under any provision of law.
§ 120.595, Fla. Stat. (1997). The Department of Insurance does not suggest that the statement in question was “required by the Federal Government to implement or retain a delegated or approved program or to meet a condition to receipt of federal funds.” An award of costs and attorney’s fees was therefore mandatory.
The Department of Insurance argues that “a judicial gloss to the 1996 revisions to the [Administrative Procedure Act] providing for awards of attorneys’ fees, will found a cottage industry for administrative law practi *931 tioners, particularly as to challenges to agency statements.” The Department’s proper concern is the amended statute itself, not some imagined judicial enhancement. Whether or not a “cottage industry” will arise (or has arisen) — and whether or not that proves desirable — we are bound to apply the statute as written. The statute plainly requires the result we reach today. The Department’s request is properly addressed to the Legislature. We are no more at liberty to disregard a statutory requirement than the administrative law judge was.
On remand, the administrative law judge must award Security Mutual the costs and attorney’s fees it incurred in maintaining the part of the challenge that succeeded. If the parties are unable to agree as to the amount of reasonable fees and costs, the administrative law judge must take evidence on those questions.
When a party prevails on only a portion of the claims made in the litigation, the trial judge must evaluate the relationship between the successful and unsuccessful claims and determine .whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims.
Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985). See Imperial Terrace East Homeowner’s Ass’n., Inc. v. Grimes, 666 So.2d 276 (Fla. 5th DCA 1996); Danis Indus. Corp. v. Ground Improvement Techniques, Inc., 629 So.2d 985, 988 (Fla. 5th DCA 1993), decision approved, 645 So.2d 420 (Fla.1994); Fashion Tile & Marble, Inc. v. Alpha One Constr. & Assocs., 532 So.2d 1306, 1308 (Fla. 2d DCA 1988).
The denial of fees and costs is reversed, and the matter is remanded for an award of costs and fees. The order is otherwise affirmed.
VAN NORTWICK and PADOVANO, JJ., concur.