764 So.2d 660 (2000)
STATE of Florida, DEPARTMENT OF INSURANCE, Appellant/Cross-Appellee,
v.
FLORIDA BANKERS ASSOCIATION, Community Bankers of Florida, and Specialty Agents, Inc., Appellees/Cross-Appellant.
No. 1D99-1943.
District Court of Appeal of Florida, First District.
May 17, 2000.
*661 Michael H. Davidson, Florida Department of Insurance, Tallahassee, for Appellant/Cross-Appellee.
Virginia B. Townes of Akerman, Senterfitt & Eidson, P.A., Orlando, for Appellees Florida Bankers Association and Community Bankers Association.
Jed Berman of Infantino & Berman, Winter Park, for Appellee/Cross-Appellant Specialty Agents, Inc.
LAWRENCE, J.
The State of Florida, Department of Insurance (agency), appeals an administrative order awarding fees and costs after a successful challenge by various parties to proposed insurance rules; one party cross-appeals the denial of an attorney's fee. We reverse and remand the appeal; we affirm the cross-appeal.
The agency promulgated proposed rules attempting to establish parity between insurance agencies affiliated with financial institutions and unaffiliated agencies. The Florida Bankers Association and Community Bankers of Florida, represented by legal counsel (attorney-represented banks), and Specialty Agents, Incorporated, represented by a qualified non-attorney representative (non-attorney-represented party), successfully challenged the proposed rules; the agency did not appeal the administrative order finding the proposed rules invalid. The parties thereafter moved for attorneys' fees, and costs.
The administrative law judge below, based on a statute, awarded fees to the attorneys (up to the $15,000 limit), and costs to all, including $36,590.00 for the expert witness, Michael White, for a total of $66,882.83. The attorney fee request of the non-attorney qualified representative was denied. The judge, in order to meet statutory requirements for the awards, found merely that the "evidence fails to establish that the [agency] was substantially justified in promulgating the proposed rules"; "failed to establish the existence of a reasonable basis in law and fact" for the proposed rules; and "there are no special circumstances which make the award of fees and costs unjust." The agency appeals all the awards; the non-attorney-represented party appeals the denial of its motion for an attorney's fee.

THE APPEAL
Section 120.595(2), Florida Statutes (1999), provides:

*662 Challenges to proposed agency rules pursuant to section 120.56(2).If the court or administrative law judge declares a proposed rule or portion of a proposed rule invalid pursuant to s. 120.56(2), a judgment or order shall be rendered against the agency for reasonable costs and reasonable attorney's fees, unless the agency demonstrates that its actions were substantially justified or special circumstances exist which would make the award unjust. An agency's actions are "substantially justified" if there was a reasonable basis in law and fact at the time the actions were taken by the agency. If the agency prevails in the proceedings, the court or administrative law judge shall award reasonable costs and reasonable attorney's fees against a party if the court or administrative law judge determines that a party participated in the proceedings for an improper purpose as defined by paragraph (1)(e). No award of attorney's fees as provided by this subsection shall exceed $15,000.
(Emphasis added.) This court, interpreting a similar agency fee statute, tells us:
Once the party seeking fees under the statute proves it is a small business, as defined by section 57.111, and is the prevailing party, the burden shifts to the government agency to show that its action in initiating the proceeding was "substantially justified." "[I]t is the agency which must affirmatively raise and prove the exception." "A proceeding is `substantially justified' if it had a reasonable basis in law and fact at the time it was initiated by a state agency." In commenting upon the analogous Federal Equal Access to Justice Act, the United States Supreme Court found "substantially justified" to mean:
"justified in substance or in the main"that is, justified to a degree that could satisfy a reasonable person. That is no difference from the "reasonable basis both in law and fact" formulation adopted by ... the vast majority of other Courts of Appeals that have addressed this issue.... To be "substantially justified" means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve.
Accordingly, in terms of Florida law, the "substantially justified" standard falls somewhere between the no justiciable issue standard of section 57.105, Florida Statutes (1991), and an automatic award of fees to a prevailing party.

. . . .
.... We hold, that in order to be substantially justified, an agency must, at the very least, have a working knowledge of the applicable statutes under which it is proceeding.
Helmy v. Department of Bus. & Prof. Reg., 707 So.2d 366, 368, 370 (Fla. 1st DCA 1998) (citations omitted) (emphasis added) (reversing the order of an administrative agency denying fees and holding that, where nothing in the proceedings before the agency suggested that members of the agency even had an awareness of, much less considered, the statutory definition of "supervision" in the veterinary practice context, the agency's finding of probable cause was not "substantially justified"; a veterinarian thus was entitled to an attorney's fee).
We note that the order under review contains no findings; it rather contains conclusions of law. The order's findings of fact and conclusions of law indeed are identical. Section 120.595(2) empowers an administrative law judge, after the invalidation of a proposed rule, to render a costs and fees order against an agency, except where "there is a reasonable basis in law and fact" for the agency's actions at the time the actions were taken. Without factual findings, we would be conducting a de novo review, rather than determining whether the findings are supported by *663 competent substantial evidence, as required by section 120.68(10), Florida Statutes (1999). We therefore reverse the award of fees and costs, and remand for the necessary factual findings.

THE CROSS-APPEAL
The non-attorney-represented bank was represented by its Treasurer, Eli S. Jenkins. It is undisputed that Jenkins is a non-lawyer. Nothing in section 120.595(2) authorizes the award of attorneys' fees to non-attorneys. The Florida Supreme Court tells us that: "When the words of a statute are plain and unambiguous and convey a definite meaning, courts ... must read the statute as written, for to do otherwise would constitute an abrogation of legislative power." Nicoll v. Baker, 668 So.2d 989, 990-91 (Fla.1996).
The non-attorney-represented bank shows no statute or rule authorizing a fee to it; it instead cites the rule allowing non-attorney representation by a qualified representative, Florida Administrative Code Rule 60Q-2.008.[1] Nothing in this rule authorizes an attorney's fee to a non-lawyer. The non-attorney-represented bank also cites cases where courts were called upon to determine whether a party engaged in the unauthorized practice of law; nothing in these cases authorizes an attorney's fee to a non-lawyer. If there is to be payment for such non-attorney representation, such must come from legislative enactment. The judge below therefore correctly denied Jenkins' request for a $16,010.00 attorney's fee. We thus affirm the cross-appeal.
We accordingly reverse and remand the appeal, and affirm the cross-appeal.
WOLF and KAHN, JJ., CONCUR.
NOTES
[1] Florida Administrative Code Rule 602.008 (Who May Appear; Criteria for Other Qualified Representatives), was repealed on October 7, 1998.