ORDER ON APPELLEES’ MOTION TO DISMISS

PER CURIAM.
When appellees challenged a rule the appellant agency proposed to adopt, an Administrative Law Judge (“ALJ”) invalidated one portion of the proposed rule, but declared its remaining provisions valid. On appeal, we affirmed in part and reversed in part, concluding that all of the proposed rule was an invalid exercise of delegated legislative authority. See Anderson Columbia Company, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 748 So.2d 1061 (Fla. 1st DCA 1999). Thereafter, the ALJ awarded appellees attorney’s fees and costs pursuant to section 120.595(2), Florida Statutes (1999). The Trustees now appeal the order of the ALJ assessing costs and fees against them in excess of $75,000.
We routinely review orders of Administrative Law Judges finally disposing of claims for fees and costs under section 120.595. See, e.g., Johnson v. Department of Children and Families, 771 So.2d 601, 25 Fla.L. Weekly D2720 (Fla. 1st DCA Nov.21, 2000); Department of Health v. Discovery Experimental and Development, Inc., 767 So.2d 1244 (Fla. 1st DCA 2000); Department of Insurance v. Florida Bankers Association, 764 So.2d 660 (Fla. 1st DCA 2000); Environmental Trust v. Department of Environmental Protection, 714 So.2d 493 (Fla. 1st DCA 1998); Security Life Ins. Co. v. Dep’t of Ins., 707 So.2d 929 (Fla. 1st DCA 1998). Cf. Procacci Commercial Realty, Inc. v. Dep’t of Health and Rehabilitative Services, 690 So.2d 603, 606 (Fla. 1st DCA 1997) (“Neither HRS nor any other agency has authority to review fee and cost awards that administrative law judges make under the authority of section 120.569(2)(c), Florida Statutes (Supp.1996).”)
Support Terminals Operating Partnership, L.P., and certain other appellees nevertheless challenge our jurisdiction in this case, essentially arguing that the order is not subject to judicial review pursuant to section 120.68(1), Florida Statutes (2000) because section 120.595(2) does not in terms characterize the ALJ’s order as “final agency action.” We reject this argument and deny the motion to dismiss.
Our jurisdiction under the Administrative Procedure Act is governed by section 120.68(1), which provides in relevant part that “[a] party who is adversely affected by final agency action is entitled to judicial review.” In this case, it is beyond dispute that the ALJ’s order is “final” in that it marks the end of the adjudicatory process with respect to the issue of attorneys’ fees and costs. See generally Hill v. Division of Retirement, 687 So.2d 1376 (Fla. 1st DCA 1997).
In pertinent part, section 120.52(7), Florida Statutes (2000), defines a “final order” as “a written final decision which results from a proceeding under s. 120.56.... ” The order at issue here clearly “results from” a proceeding under section 120.56, since the successful prosecution of a challenge to a proposed rule pursuant to section 120.56(2) is a necessary precondi *339 tion to seeking such an award under section 120.595(2). The language of section 120.52(7) therefore includes the order at issue here within its definition of a “final order.”
The order under review also qualifies as “agency action” within the meaning of section 120.52(2), Florida Statutes (2000). Section 120.52(2) defines “agency action” as “the whole or part of a rule or order, or the equivalent, or the denial of a petition to adopt a rule or issue an order.” Since its finality is not in question, the ALJ’s order is appealable pursuant to section 120.68(1). Accordingly, we deny the motion to dismiss.
MINER, BENTON and PADOVANO, JJ., concur.