830 So.2d 932 (2002)
OSCEOLA FISH FARMERS ASSOCIATION, INC., Appellant,
v.
DIVISION OF ADMINISTRATIVE HEARINGS and South Florida Water Management District, Appellees.
No. 4D02-89.
District Court of Appeal of Florida, Fourth District.
November 20, 2002.
William E. Guy, Jr. and John S. Yudin of Guy & Yudin, LLP, Stuart, for appellant.
Luna Ergas Phillips, John J. Fumero and Douglas MacLaughlin, South Florida Water Management District, West Palm Beach, for Appellee-South Florida Water Management District.
TAYLOR, J.
The Osceola Fish Farmers Association ("Association") appeals a final order denying its amended petition challenging an agency statement as an unadopted rule under section 120.56, Florida Statutes. We affirm.
The Association's members are tropical fish farmers in Osceola County. Over the years, the Florida Fish and Wildlife Conservation Commission ("Commission") has conducted lake drawdowns, during which the Commission rapidly and artificially lowers the water level of a lake by several feet. After lowering the lake level, the Commission mechanically removes "muck" from the lake's bottom. Each time the Commission conducts drawdowns in the Alligator Chain of Lakes, the Association members suffer drastic reductions in the groundwater levels on their properties, and, as a result, incur economic losses.
William Scott Burns, an employee of the South Florida Water Management District ("District"), submitted an affidavit in a pending corollary case that stated in material part:

*933 3. The District, as an administrative agency charged with implementing the laws governing water use, has historically and consistently determined that no water use permit is required under Part II of Chapter 373, F.S., or Chapter 40E-2, F.A.C., for the "drawdown of a lake" to implement the District's responsibilities for managing that water body for environmental, recreational, and flood control purposes.
The Association filed a petition pursuant to section 120.56(4), Florida Statutes, seeking an administrative determination that the above agency statement is an unadopted rule, in violation of section 120.54(1)(a), Florida Statutes. Section 120.56(4)(a) provides:
Any person substantially affected by an agency statement may seek an administrative determination that the statement violates s. 120.54(1)(a). The petition shall include the text of the statement or a description of the statement and shall state with particularity facts sufficient to show that the statement constitutes a rule under s. 120.52 and that the agency has not adopted the statement by the rulemaking procedure provided by s. 120.54.
In lieu of an evidentiary hearing on the petition, the parties agreed to file a joint stipulation of facts and submit briefs in support of their respective positions. In response to the Association's proposed final order, the District asserted that it had initiated rulemaking pursuant to section 120.56(4)(e), Florida Statutes. That section provides:
Prior to entry of a final order that all or part of an agency statement violates s. 120.54(1)(a), if an agency publishes, pursuant to s. 120.54(3)(a), proposed rules which address the statement and proceeds expeditiously and in good faith to adopt rules which address the statement, the agency shall be permitted to rely upon the statement or a substantially similar statement as a basis for agency action if the statement meets the requirements of s. 120.57.
The ALJ issued an order to show cause requesting the parties to advise whether the District had complied with the requirements of sections 120.54(3)(a) and 120.54(4)(e). The order further informed the parties that when an agency complies with these requirements, the usual course of the Division of Administrative Hearings (DOAH) is to place the case in abeyance pending adoption of the proposed rule by the agency.
The Association responded that the District had not complied with the threshold requirement of section 120.56(4)(e) to publish the proposed rule in the Florida Administrative Weekly. It thus urged the ALJ to immediately proceed to final disposition of the case. After a telephonic hearing, the ALJ determined that the District had not complied with the publication requirement and scheduled the matter for an evidentiary hearing.
Before the final hearing, the District provided notice of its intent to publish the text of its proposed rule. Nine days later, the District published the text of its proposed rule in the Florida Administrative Weekly. It subsequently filed a notice of publication of its proposed rule addressing the Burns affidavit and clarifying that the drawdown of lakes for environmental, recreational, and flood control purposes is not regulated by Chapters 40E-2 and 40E-20, F.A.C. Thereafter, the ALJ placed the case in abeyance until completion of the rule adoption process or until a determination was made concerning the validity of the rule.
The Association then filed a section 120.56(2), Florida Statutes proceeding before DOAH challenging the District's proposed rule as an invalid exercise of legislative *934 authority. After a hearing on the merits, the assigned ALJ determined that the proposed rule was an invalid exercise of delegated legislative authority. Soon thereafter, the Association filed a Notice of Rule Invalidation in the present case requesting the ALJ to proceed to final disposition on the merits of its section 120.56(4) petition. The ALJ, however, determined that the issue presented in the petition was now moot because the District had complied with the requirements set forth in section 120.56(4)(e) by publishing the proposed rule which addressed the statement at issue in this case.
This case appears to be one of first impression in our courts. The issue is whether the ALJ correctly interpreted section 120.56(4), Florida Statutes, in holding that an administrative proceeding commenced to challenge an agency statement as an unadopted rule under section 120.565(4) becomes moot when the administrative agency complies with the requirements set forth in section 120.56(4)(e). Stated another way, the issue is whether an administrative agency can avoid an adverse ruling in a section 120.56(4) proceeding and the consequences of an award of attorney's fees and costs to the petitioner under section 120.595(4) if, prior to entry of a final order, the agency publishes a proposed rule addressing the statement and proceeds expeditiously and in good faith to adopt the rule. Because the case involves a pure issue of law, our review is de novo. Southwest Fla. Water Mgmt. Dist. v. Save the Manatee Club, Inc., 773 So.2d 594, 597 (Fla. 1st DCA 2000).
The Association argues that an agency's compliance with section 120.56(4)(e) does not moot the issues presented in a section 120.56(4) proceeding. It maintains that it is entitled to a determination on the merits of its petition, as well as an award of attorneys' fees and costs, regardless of whether the District complied with section 120.56(4)(e). According to the Association, holding otherwise would be contrary to the legislative intent of this section and have a chilling effect upon the future commencement of such proceedings. We disagree.
Section 120.54(1)(a) expresses the Legislature's intent that agencies adopt a statement that is the equivalent of a rule as a rule through the rulemaking process whenever possible. It states:
(a) Rulemaking is not a matter of agency discretion. Each agency statement defined as a rule by s. 120.52 shall be adopted by the rulemaking procedure provided by this section as soon as feasible and practicable.
(Emphasis added).
When section 120.54(1)(a) is read together with section 120.56(4), it becomes clear that the purpose of a section 120.56(4) proceeding is to force or require agencies into the rule adoption process. It provides them with incentives to promulgate rules through the formal rulemaking process.[1] Section 120.56(4) authorizes any person substantially affected by an agency's statement to challenge the statement on the ground that it constitutes a rule under section 120.52 that has not been adopted by the rulemaking procedures provided by section 120.54. If the administrative law judge rules in favor of the challenger on this issue, the agency can no longer rely upon the statement as a basis for agency action and the challenger is entitled to reasonable costs and attorney's fees under section 120.595(4). See Security Mut. Life Ins. Co. of Lincoln, Neb. v. Dep't. of Ins., 707 So.2d 929 (Fla. 1st DCA 1998)(holding *935 that section 120.595(4) requires awarding fees and costs in the event of a successful challenge to an unpromulgated rule).
However, the plain language of section 120.56(4)(e) allows the agency to avoid an adverse ruling in a section 120.56(4) proceeding (and presumably attorney's fees and costs) if, prior to entry of a final order in the case, the agency initiates the rulemaking process and proceeds expeditiously to rule adoption. Cf., Physicians Health Care Plans, Inc. v. State of Florida, Agency for Health Care Admin., 706 So.2d 113, 114 (Fla. 1st DCA 1998)(holding that an appeal of an order denying a petition to initiate rulemaking was rendered moot when the agency initiated rulemaking during the course of the appeal).
Because the ALJ found in this 120.56(4) proceeding that the District complied with section 120.56(4)(e) by publishing a proposed rule addressing the statement at issue and proceeding expeditiously and in good faith to adopt the rule prior to entry of a final order, we affirm the ALJ's order denying the petition.
AFFIRMED.
KLEIN and GROSS, JJ., concur.
NOTES
[1] See, Wade L. Hopping, Rulemaking Reforms and Nonrule Policies: A "Catch-22" for State Agencies?, 71-MAR Fla. B.J. 20, 24 (March 1997) (discussing the 1996 APA legislation containing several provisions which enhance agency accountability by restricting the use of nonrule policies and encouraging agencies to adopt their policies as rules).