652 So.2d 432 (1995)
Karen K. HUTSLAR, Appellant,
v.
Joseph E. LAPPIN, Jr., Appellee.
No. 94-2251.
District Court of Appeal of Florida, First District.
March 17, 1995.
Beverly B. Parker, Jacksonville Area Legal Aid, Inc., Jacksonville, for appellant.
Denise Watson, Jacksonville, for appellee.
JOANOS, Judge.
Appellant, Karen K. Hutslar, appealed a non-final order computing temporary child support pursuant to section 61.30, Florida Statutes. The issue for resolution is the *433 propriety of the trial court's failure to deduct a portion of appellant's net monthly income to reflect her support of her three older children, before computing the total available income of both parties for the temporary support of the minor child who is the subject of this action. After this case was decided, but before the opinion was prepared for release, appellant filed a notice advising the court the issue is moot as between these parties, due to their marriage during the pendency of the appeal. Although the parties' marriage resolves the question as to them, appellant suggests the questions raised in this appeal are likely to reoccur and should be decided. We agree, and write briefly to explain why we conclude the trial court's temporary child support calculation constituted an abuse of discretion on the facts of this case.
Appellant and appellee are the parents of T.L., born June 18, 1991. Appellee lived with appellant and her three older children for two years before T.L.'s birth. Although appellant's ex-husband was under a court order to pay child support, he did not do so. Consequently, appellant, who is the custodial parent, was the sole support of her children and herself. At some point after T.L.'s birth, the parties became estranged. Appellee moved out of the residence he had shared with appellant, and was living with his parents when this cause was heard by the trial court.
The record reflects that appellant's net monthly income of $1,122.53 constituted the sole support for herself, her three older children, and T.L. In addition to her salary as a receptionist, appellant received food stamps and a reduced child care cost. Appellee, T.L.'s father, had a net monthly income of $853.42 as a manager-trainee. At the time of the hearing, appellee lived with his parents, and they provided him with a car and some support.
Appellant's counsel presented a child support guideline calculation, based upon the father's stated net monthly income of $853.42 per month, and taking into account the mother's support of three other children. Under appellant's calculation, the father's support obligation was $216.76 per month, which, when calculated with a four-month arrearage of $867.04, amounted to a minimum monthly child support obligation of $260.11. Appellant's counsel also advised the court that since appellee voluntarily paid child care tuition for T.L. in the amount of $369.80 per month, this same amount should be considered available as child support.
Appellee's counsel objected to appellant's calculation of child support, asserting neither the statute nor case law would permit an adjustment for appellant's support of her older children. The trial court agreed, and computed each party's child support obligation for T.L. without consideration of appellant's support obligation for her other three children.
In this appeal, appellant maintained the trial court's interpretation of section 61.30(3)(f), Florida Statutes, denied appellant and her children equal protection under the law. Section 61.30(3)(f) authorizes a deduction from the monthly income of an individual parent for "court ordered support for other children which is actually paid." The guidelines do not address the support obligations of custodial parents who are paying for other children not subject to the child support action at issue. We decline to address the constitutional question, because the issue presented in this case can be resolved through application of the discretionary authority available to the trial court under section 61.30(11)(k), Florida Statutes.
In the instant case, appellant asked us to find that section 61.30(3)(f) implicitly authorizes a deduction for child support obligations incurred prior to the birth of an out-of-wedlock child in a determination of support for that child. A reading of the subsection (2)(a) provisions dealing with items includable in an individual parent's gross income[1] for purposes *434 of a child support calculation in pari materia with the subsection (3)(a) to (f) provisions enumerating items excludable from gross income,[2] demonstrates these provisions will not support the broad construction urged by appellant.
In the first instance, the language of section 61.30(2)(a) lists items includable in gross income for purposes of a child support calculation, and in express terms, permits the inclusion of types of income not specified in the statute. In contrast, the language of section 61.30(3) conveys legislative intent to permit as deductions from gross income only those items listed in subparagraphs (a) through (f). The absence of the phrase "but is not limited to" in subsection (3), establishes that allowable deductions from gross income "shall include" only the items listed.
Although the trial court's discretion is limited with respect to the deductions allowable from gross income under section 61.30, Florida Statutes, we conclude appellant's obligation of support for her three other children is a matter that can be considered under section 61.30(11)(k). Subparagraph (11)(k) permits an adjustment of the minimum child support award, or either or both parents share, on the basis of "[a]ny other adjustment which is needed to achieve an equitable result." We construe this language as vesting broad discretion in the trial court to consider a custodial parent's obligation of support to other children, in the calculation of his or her income for purposes of determining that parent's support obligation for the minor child who is the subject of the support action.
We recognize that the parties' marriage has resolved the issue raised in this case insofar as it affects them. Nevertheless, even though the issue is resolved as between the parties, an appellate court does not lose jurisdiction if the questions raised are of great public importance or are likely to reoccur. Godwin v. State, 593 So.2d 211, 212 (Fla. 1992); Holly v. Auld, 450 So.2d 217, 218 n. 1 (Fla. 1984). We believe this case meets both requirements.
Accordingly, we conclude that pursuant to section 61.30(11)(k), Florida Statutes, the trial courts of this state have discretion to consider a parent's support obligation to other children in the calculation of that parent's income for purposes of a child support order under the child support guidelines.
ERVIN and MINER, JJ., concur.
NOTES
[1] § 61.30(2)(a), Fla. Stat. (1993), provides:

(2) Gross income shall include, but is not limited to, the following items:
1. Salary or wages.
2. Bonuses, commissions, allowances, overtime, tips, and other similar payments.
3. Business income from sources such as self-employment, partnership, close corporations, and independent contracts. "Business income" means gross receipts minus ordinary and necessary expenses required to produce income.
4. Disability benefits.
5. Worker's compensation.
6. Unemployment compensation.
7. Pension, retirement, or annuity payments.
8. Social security benefits.
9. Spousal support received from a previous marriage.
10. Interest and dividends.
11. Rental income, which is gross receipts minus ordinary and necessary expenses required to produce the income.
12. Income from royalties, trusts, or estates.
13. Reimbursed expenses or in kind payments to the extent that they reduce living expenses.
14. Gains derived from dealings in property, unless the gain is nonrecurring.
[2] § 61.30(3), Fla. Stat. (1993), provides:

(3) Allowable deductions from gross income shall include:
(a) Federal, state, and local income tax deductions, adjusted for actual filing status and allowable dependents and income tax liabilities.
(b) Federal insurance contributions or selfemployment tax.
(c) Mandatory union dues.
(d) Mandatory retirement payments.
(e) Health insurance payments, excluding payments for coverage of the minor child.
(f) Court-ordered support for other children which is actually paid.