666 So.2d 276 (1996)
IMPERIAL TERRACE EAST HOMEOWNER'S ASSOC., INC., Appellant,
v.
Loren K. GRIMES and Joann P. Grimes, Appellees.
No. 94-5.
District Court of Appeal of Florida, Fifth District.
January 19, 1996.
*277 John T. Allen, Jr., and Connie R. Stephens, of John T. Allen, Jr., P.A., St. Petersburg, for Appellant.
Gary J. Cooney of Blair & Cooney, P.A., Tavares, for Appellees.

ON MOTION TO REVIEW ATTORNEY'S FEES ASSESSMENT
PER CURIAM.
This matter[1] is before us again upon the appellees' motion to review the amount of the trial court's award to the appellant for attorney's fees incurred before this court in Imperial Terrace East Homeowner's Ass'n v. Grimes, 649 So.2d 301 (Fla. 5th DCA 1995). In this earlier case, we affirmed the decision of the trial court except for its failure to award attorney's fees and costs.
On remand, the trial court awarded the sum of $23,898.65 for appellate attorneys fees, but added the following language in its order:
"[S]hould this Order be appealed and the Fifth District Court of Appeal finds that its Order only pertained to that portion of the appeal attributed to the recovery of costs and attorney's fees expended at the trial court level, then a reasonable attorney's fee for this appellate work would be $1200.00... ."
The appellant, in its appeal of the earlier case, attempted to lead this court into issuing an advisory opinion going beyond the trial court's refusal to award attorney's fees and costs to the appellant. We declined to do so and expressly restricted our opinion to the issue of the failure to award attorney's fees.
We see no reason to award attorney's fees for the attempt to obtain that which was denied. In Danis Industries Corp. v. Ground Improvement Techniques, Inc., 629 So.2d 985, 988 (Fla. 5th DCA 1993), approved, 645 So.2d 420 (Fla. 1994), this court held that, under Florida Patients Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), "a court may reduce an attorney's fees award based upon the `results obtained' if a `party prevails on a claim or claims for relief, but is unsuccessful on other unrelated claims.'" Id. at 988 (quoting Rowe, 472 So.2d at 1151). Under such circumstances, "`the trial judge must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims.'" Id. (quoting Rowe, 472 So.2d at 1151). We quash the order under review and remand to the trial court for entry of an award of appellate attorney's fees of $1200.
ORDER QUASHED; REMANDED.
PETERSON, C.J., and HARRIS and THOMPSON, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.400(c).