675 So.2d 261 (1996)
David KAMINSKY, Appellant/Cross-Appellee,
v.
Ilene LIEBERMAN, Appellee/Cross-Appellant.
No. 95-1530.
District Court of Appeal of Florida, Fourth District.
June 26, 1996.
*262 Anthony J. Titone of Law Office of Anthony J. Titone, P.A., Fort Lauderdale, for appellant/cross-appellee.
Stuart R. Michelson of Law Offices of Stuart R. Michelson, Bay Harbor Islands, for appellee/cross-appellant.
STEVENSON, Judge.
This is an appeal and cross-appeal of a final order entered by the Commission on Ethics awarding attorney's fees and costs. We affirm the order on appeal and grant the cross-appeal in part.
In 1988, Ilene Lieberman, was elected mayor of the City of Lauderhill by defeating the incumbent, David Kaminsky. In December, 1991, Kaminsky filed an ethics complaint against Lieberman with the Commission on Ethics. Ultimately, the commission dismissed the complaint for lack of probable cause to believe that Lieberman committed any ethics violation.
This appeal concerns Lieberman's subsequent petition for an award of attorney's fees and costs against Kaminsky for allegedly filing a frivolous and malicious ethics complaint. See § 112.317(8), Fla.Stat. (1991). After a formal administrative hearing, the hearing officer entered a lengthy order which concluded that Kaminsky's complaint was frivolous and without basis in law or fact and that Kaminsky filed it with a malicious intent to injure Lieberman's reputation. The order recommended that Lieberman be awarded fees and costs totalling $37,280.89. The order computed fees and costs through March 8, 1994, the date up to which Lieberman presented evidence at the hearing. Also, the order included 37.5 hours expended by Lieberman's attorney in attending the final hearing. The commission denied each party's exceptions to the recommended order and adopted the hearing officer's final conclusions.
Lieberman's cross-appeal concerns those fees and costs incurred after March 8, 1994. We reverse that part of the commission's ruling which precluded Lieberman from applying for fees and costs incurred after the date of the administrative hearing's conclusion. Administrative proceedings typically involve a great deal of attorney work after the conclusion of the evidentiary portion of the ruling, including but not limited to, the preparation of proposed recommended orders and the filing of exceptions to the recommended order. While we appreciate the commission's concern that "eventually proceedings must come to an end," the attorney involved may not be able to forecast presently unearned fees and costs with any degree of accuracy at the hearing. As a matter of basic fairness, the interested parties should be neither shortchanged nor over-charged for the sake of administrative expediency.
Accordingly, we hold that the commission must provide a hearing for Lieberman to establish fees and costs which were incurred after the last day of the hearing. We affirm that portion of the commission's ruling requiring that all evidence of fees and costs be introduced at the hearing to the extent that such expenses had already been incurred or were incurred during the hearing.
Affirmed in part, reversed in part and remanded.
FARMER and GROSS, JJ., concur.