WHATLEY, Judge.
Barbara L. Marshall, the mother, and the State of Florida, Department of Revenue, appeal a final order establishing the amount of child support Randolph G. Smith, the father, is required to pay. The appellants argue that the trial court erred in considering Smith’s two older children in setting the child support amount. We affirm.
Smith and Marshall had a child out of wedlock. At the time of the child’s conception and birth, Smith was married with two children born of that marriage. Smith’s marriage remained intact.
In calculating the amount of child support that Smith is required to pay, the trial court subtracted from his monthly income the amount of child support that Smith would have been required to pay pursuant to the child support guidelines for his two older children, if he and his wife had divorced. See § 61.30, Fla. Stat. (1995). Marshall contends that section 61.30(11), Florida Statutes (1995), provides for the type of circumstance that would allow the trial court to deviate from the child support guidelines. She asserts that there is no provision to allow a court to deviate more than five percent based on support for children of the existing marriage. See § 61.30(l)(a), Fla. Stat. (1995). We disagree. Section 61.30(ll)(k), Florida Statutes -(1995), states that the trial court may adjust the minimum child support award based upon, “Any other adjustment which is needed to achieve an equitable result which may include, but not be limited to, a reasonable and necessary existing expense or debt.”
In Flanagan v. Flanagan, 673 So.2d 894 (Fla. 2d DCA 1996), the husband filed a petition to modify the amount of child support the wife was required to pay. Before the parties met, the wife had a child, and it was stipulated that the husband was not the biological father of the child. Thereafter, there were two children born of the marriage. Upon the dissolution of the marriage, the husband was awarded custody of the two children, and the wife raised the third child. As in our case, the wife argued that the trial court should consider her preexisting support obligation to the older child in computing child support for the two children born of the marriage. This court agreed and noted that the guidelines did not address the situation.
This court held that, although the wife did not pay a court-ordered amount for her first child’s support, the trial court abused its discretion by failing to consider her preexisting support obligation to the child in determining the amount she could pay for support of her two later-born sons. Flanagan, 673 So.2d at 895, 896. Flanagan directed the trial court to recalculate the amount of the wife’s monthly income by subtracting the amount that the wife must reasonably expend for her first child’s support.
In the present case, instead of subtracting the amount that Smith must reasonably ex *335 pend for his two older children’s support from his monthly income, the trial court subtracted the amount of child support that Smith would have been required to pay for their support pursuant to the guidelines if he and his wife had divorced. We conclude that it was within the trial court’s discretion to use either approach.
We recognize that section 61.30(3)(f), Florida Statutes (1995), allows a deduction from gross income for “[c]ourt-ordered support for other children which is actually paid.” Obviously Smith does not pay a court-ordered amount for his two older children’s support. See Flanagan. However, Smith is responsible for providing support for these two older children, regardless of whether he and his wife remain married. To only allow him credit for such support if he divorces would be unjust and would also be contrary to the State’s interest in preserving the family unit.
Affirmed.
PATTERSON, A.C.J., and GREEN, J., concur.