CASANUEVA, Judge.
Cornelius Speed appeals from a final judgment of paternity which required him to pay retroactive child support in the amount of $67,694.13. We find merit in only one contention and determine that the trial court erred in not awarding him a credit for the sums he paid to support the children later born of his marriage.
Ms. Ava Nelson gave birth to a son out of wedlock on October 9, 1976. Later, Mr. Speed, who had never believed Ms. Nelson’s son was his, married his current wife and has continually supported the two children born of this marriage. The Department of Revenue filed a paternity action on behalf of Ms. Nelson against Mr. Speed on May 5, 1991. At trial, Mr. Speed testified to his current family status and that he spent $300 to $400 per month on support for the two children of his marriage. The trial court found that the Department had established Mr. Speed’s paternity of Ms. Nelson’s son through reliable scientific testing. In calculating the child support due, however, the trial court did not award him a credit for any amount spent on behalf of his later-born children.
In Florida Department of Revenue v. Smith, 716 So.2d 333 (Fla. 2d DCA 1998), we held that the trial court did not err in considering two children who were born prior to the child born out of wedlock in establishing the amount of child support the parent was required to pay. It was within the court’s discretion to subtract the amount of child support the payor would have been required to pay for the *511 two children’s support pursuant to the guidelines if the payor and the payor’s spouse had divorced or, alternatively, to consider the pre-existing support obligation in computing child support. See Flanagan v. Flanagan, 673 So.2d 894 (Fla. 2d DCA 1996). Here, the trial court applied neither calculation permitted by Flanagan or Smith. In the circumstances of Mr. Speed’s case, this failure was an abuse of discretion.
In Smith, we recognized that the child support guidelines permit a deduction from gross income for court-ordered support that is actually paid for other children. Like Mr. Smith, Mr. Speed is responsible for providing support for his other two children, regardless of whether he and his wife remain married. As in Smith, to allow the payor parent credit for support only in the event of a divorce is both unjust and contrary to the State’s legitimate interest in preserving the family.
Reversed and remanded for the trial court to enter an order deducting from Mr. Speed’s gross income the child support he paid for the two later-born children as is supported by the evidence; the trial court is further ordered to recalculate the ar-rearage amount to the extent necessary.
PATTERSON, C.J., and WHALEY, J., Concur.