PER CURIAM.
The State of Florida, Department of Revenue (“the Department”), and Maria Cornejo, the mother, appeal an order modifying downward the child support obligation of Jose Martinez (“Martinez”), the father. Martinez cross appeals, arguing that the decrease was insufficient. We affirm the modification but reverse as to the amount.
On April 3, 1996, the Department filed a paternity complaint alleging that Martinez fathered the child who is the subject of these proceedings. The trial court entered a final judgment of paternity and ordered Martinez to pay $113 per week as child *581 support. On December 27, 1996, Martinez filed a petition for modification. The trial court entered an order granting the petition on October 19, 1998, and reduced the child support obligation to $289.45 per month.
Although we affirm the trial court’s modification, we disagree with the method the trial court used to determine the appropriate amount. Prior to the birth of the subject child, Martinez had three children with his wife. After the birth of the subject child, Martinez had three more children with his wife. He continues to live with his wife and their six children. Martinez suggested to the trial court that any computation of child support should include some reduction of his income to reflect his support of the three older children. In response, the Department suggested that the trial court should impute income to Martinez’s wife, even though she was unemployed, and add that income to Martinez’s income in calculating the child support. The trial court ruled that it should include the wife’s imputed income in Martinez’s income and that it should determine the child support by calculating the guidelines support for four children and then dividing that amount by four.
The trial court erred in imputing income to the wife. See Hinton v. Smith, 725 So.2d 1154, 1156-57 (Fla. 2d DCA 1998). No evidence in the record supports the finding. Martinez’s wife has never worked on a regular basis and now has six children to care for in the home. Further, the trial court erred in including the wife’s income in the calculations. Section 61.30(12), Florida Statutes (1997), does specify that if the respondent raises the support of subsequent children as a defense to a petition to increase child support, the calculations should include the income of the mother of the subsequent children. However, in this case, Martinez never raised the support of the three subsequent children, but raised only the support of the three older children. Furthermore, the wife’s imputed income would not constitute the payment of living expenses that section 61.30(2)(a)(13) contemplates because the wife is not actually earning the funds and paying the expenses. Accordingly, this imputed amount does not come within the statute’s definition of income, and the trial court should not have included it.
This court has previously approved two different methods to account for the support of older children. See State Dep’t of Revenue on Behalf of Marshall v. Smith, 716 So.2d 333, 334-35 (Fla. 2d DCA 1998). The method the trial court selected here is different from both of the methods that we previously approved. However, we cannot say that the trial court abused its discretion by selecting this method. Accordingly, we affirm the modification of child support and the method of accounting for the support of the older children, but we reverse as to the inclusion of the imputed income of Martinez’s wife in the child support calculation. We remand for further hearings consistent with these findings.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., GREEN and DAVIS, JJ., Concur.