BROWNING, J.
This is an appeal of an order establishing paternity and ordering an award of support for the parties’ 6-year-old son, who was born out of wedlock and lives with his mother, Appellee. Appellant, who is the child’s father, does not contest the finding of paternity. He contends, however, that the trial court abused its discretion *509 in two respects. First, while acknowledging that “no clear determination could be made” regarding Appellant’s actual income, the court ordered him to pay $150.00 a week for support of the child in question without any findings of fact referencing the child-support guidelines statute.[1] Second, in setting a support award for that child, the trial court allegedly failed to consider Appellant’s four other children, who were born of his marriage to someone else. Because we cannot determine from the record either what income figures the lower court used (or imputed) in setting the child-support award, or how the trial court determined Appellant’s appropriate child-support obligation, we reverse that part of the order and remand for findings of fact in accordance with the child-support guidelines statute. Cifrian v. Cifrian, 715 So.2d 1068 (Fla. 4th DCA 1998). We affirm the order in all other respects.
Although Appellant filed an affirmative defense asking the trial court to consider his four other children (who are not Appellee’s children) in determining an appropriate amount of child support for the parties’ child, we find no abuse of discretion as to this issue. The child-support guidelines statute vests wide discretion in the trial court to take into account a parent’s obligation of support to other children, in the determination of what is a proper child-support award for the minor child who is the subject of the support action. Hutslar v. Lappin, 652 So.2d 432, 434 (Fla. 1st DCA 1995). Significantly, Appellant failed to present any competent substantial evidence regarding the support needs of his other children, or concerning what financial impact (if any) that obligation might have on a child-support award for the parties’ child. In determining an appropriate amount of child support, the lower tribunal acted within its discretion in considering evidence pertaining to Appellant’s seemingly indulgent or extravagant lifestyle and his generous church contributions during periods when he claimed to be in dire financial straits. Johnson v. Johnson, 725 So.2d 1209 (Fla. 3d DCA 1999).
Without sufficient findings relating the child-support award to the parties’ income and the child-support guidelines statute, we cannot adequately review the propriety of the challenged award. Cifrian. If the trial court elects to impute income to Appellant, then it must make findings in accordance with section 61.20(2)(b), Florida Statutes (1997); Smith v. Smith, 737 So.2d 641 (Fla. 1st DCA 1999).
The order is AFFIRMED in part, REVERSED in part, and REMANDED for findings of fact relating to the award of child support.
ERVIN and MINER, JJ., concur.

. § 61.30, Fla. Stat. (1997).