951 So.2d 25 (2007)
Charles OSBORNE, Appellant,
v.
COMMISSION ON ETHICS, et al., Appellee.
No. 5D05-3954.
District Court of Appeal of Florida, Fifth District.
February 16, 2007.
Rehearing Denied March 22, 2007.
Robert J. Riggio, of Riggio & Mitchell, P.A., Daytona Beach, for Appellant.
C. Christopher Anderson, III and Philip C. Claypool, Tallahassee, for Appellee, Commission on Ethics.
Steven J. Guardiano, Daytona Beach, for Appellee, Alexander J. Milanick.
MONACO, J.
Charles Osborne, the former mayor of the Town of Beverly Beach, Florida, appeals an order issued by the Commission on Ethics denying a recommended award of attorney's fees and costs incurred by him in defending against an ethics complaint filed by the appellee, Dr. Alexander J. Milanick. Mayor Osborne asserts that the Commission erred in holding that he could not recover his attorney's fees and costs because the body of the ethics complaint filed by Dr. Milanick did not contain the requisite false allegations. Because we conclude that the Commission's view of the complaint was too restricted, we reverse.
An award of attorneys' fees in favor of the person complained against in a complaint filed with the Commission on Ethics is governed by section 112.317(8), Florida Statutes (2005), which reads in pertinent part:
In any case in which the commission determines that a person has filed a complaint against a public officer or employee with a malicious intent to injure the reputation of such officer or employee by filing the complaint with knowledge that the complaint contains one or more false allegations or with reckless disregard for whether the complaint contains false allegations of fact material to a violation of this part, the complainant shall be liable for costs plus reasonable attorney's fees incurred in the defense of the person complained against, *26 including the costs and reasonable attorneys' fees incurred in proving entitlement to and the amount of costs and fees. . . .
(Emphasis supplied). Florida Administrative Code Rule 34-5.0291(1) essentially mirrors the statute.[1] Thus, the false allegations that might give rise to an award of fees and costs must be contained within the sworn complaint that is filed with the Commission, and must have been made with either malicious intent to injure the reputation of the person complained about, or with reckless disregard for whether the complaint contains such false allegations of fact. If, indeed, there were false allegations made with malicious intent or with reckless disregard of the falsity, then the use of the word "shall" by the legislature would require an award of fees and costs to the public officer or employee complained against.
Briefly summarized the facts reflect that Dr. Milanick had for an extended period tried to get the Town of Beverly Beach to annex land owned by him and his brother. The annexation was vigorously opposed by the appellant, who at the time was the town mayor. Eventually, Dr. Milanick filed a complaint with the Commission on Ethics. The complaint consisted of a form facing sheet required by the Commission bearing the notarized signature of Dr. Milanick, and an attached letter from Dr. Milanick's attorney to the Commission which spelled out the allegations of wrongdoing by Mayor Osborne. Later, however, when the Ethics Commission investigator asked for a copy of the letter that was attached to the complaint facing sheet, the attorney for Dr. Milanick sent a slightly different version of the letter. The latter added some detail to the allegations initially made. For example, where the letter that was attached to the facing sheet said that Mayor Osborne opposed the annexation because the land would be zoned commercial; the annexation would "jeopardize his personal investment in the Town," and his opposition was based on "his own personal reasons," the letter later sent to the investigator said that the Mayor opposed the annexation because his home was adjacent to the commercially zoned property to be annexed. Both letters continued that Mayor Osborne "plainly put his purely personal concerns ahead of his duties as mayor, and fiduciary duty to the citizens of Beverly Beach." Although later the attorney for Dr. Milanick asserted that he had mistakenly sent an earlier draft of the letter to the investigator, the investigator pointed out that during the investigative proceedings the appellees continued to assert that Mayor Osborne owned a home that was adjacent to the land sought to be annexed.
The Administrative Law Judge ("ALJ") found that despite the appellee's allegations, the evidence indicated that Mayor Osborne resisted annexation not for personal reasons or benefit, but rather because of legitimate public concerns over the manner in which the annexation was being proposed, and because of the overall effect the annexation would have had on the Town. In his recommended order the ALJ found further that certain material facts (the Mayor's purported personal monetary interest in opposing annexation), were falsely alleged against Mayor Osborne by the appellees, that the falsity of the allegations was easily verifiable, and that the attorney for Dr. Milanick was fully aware that Mayor Osborne did not live on property adjacent to the land to be annexed.
*27 While the Commission rejected virtually all of the factual exceptions made by Dr. Milanick to the ALJ's recommended order, it agreed with one legal exception to the effect that the ALJ's construction of section 112.317(8) was not correct. In the view of the Commission the material false allegations were not contained within the ethics complaint itself, but rather were made when the complaint was subsequently explained or expanded by the comments of Dr. Milanick's attorney. On this basis the Commission as a matter of law declined to approve the award of fees and costs to Mayor Osborne. It is the correctness of this ruling that we are asked to review.
As we are dealing with a question of law, we review the issue de novo. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Borden v. Phillips, 752 So.2d 69 (Fla. 1st DCA 2000). Given the facts found by the ALJ and adopted by the Commission, we must determine, accordingly, whether the complaint contained material false allegations sufficient to authorize an award of attorney's fees and costs. Using the de novo standard of review, we reverse.
The complaint filed by the appellees with the Commission plainly contained in its body the crux of the false material allegations made by the appellees. The ultimate fact alleged in the ethics complaint was that Mayor Osborne was opposing the annexation because of some personal investment that might be diminished if Dr. Milanick's land was annexed into the town. While the subsequently added assertions of the appellee through his attorney may well have fleshed out the allegations of the complaint and made them more precise, the fact remains that the operative allegations of wrongdoing were fully specified in the complaint. Given that virtually all of the factual findings made by the ALJ, including the finding concerning the falsity of the allegations and the finding that Dr. Milanick and his attorney either knew or should have known that his claim was false, were accepted and adopted by the Commission, we conclude that pursuant to section 112.317(8), Mayor Osborne was entitled to the award of attorney's fees and costs contained in the recommended order concerning fees.
We, therefore, reverse that part of the Commission's final order rejecting the recommendation of the ALJ concerning an award of attorney's fees and costs in favor of Mayor Osborne, and remand for entry of an order making the awards recommended by the ALJ.
REVERSED and REMANDED.
PLEUS, C.J., and SAWAYA, J., concur.
NOTES
[1] Although section 57.105(5), Florida Statutes (2005), might well have applied to this action, relief under this statute was apparently not sought below.