962 So.2d 957 (2007)
Elias OGANDO, Appellant,
v.
Jany E. MUNOZ, Appellee.
No. 3D06-1539.
District Court of Appeal of Florida, Third District.
July 25, 2007.
Rehearing Denied August 27, 2007.
*958 Elias Ogando, in proper person.
Hobel Florido, for appellee.
Before RAMIREZ, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Elias Ogando ("Father") appeals a final judgment of paternity ("final judgment"), which, in part, awards primary residential responsibility of the minor child, who was born in April 2005, to the mother, Jany E. Munoz ("Mother"); sets forth the Father's visitation rights; requires the Father to pay child support in the amount of $656 per month; found that the Father's child support arrearage totals $8,803; and requires the Father to pay $100 per month toward the arrearage until paid in full. We affirm, in part; reverse, in part; and remand for further proceedings consistent with this opinion.
The Father argues that the trial court's findings as to the parties' net income are not supported by the record. As we cannot reconcile the trial court's findings as to the Mother's net income, we reverse this portion of the final judgment and remand for a reconsideration and recalculation of the Mother's net income.
A review of the trial court's final judgment indicates that the trial court based the Father's child support obligation on its finding that the Mother has a net monthly income of $3,215, the Mother pays $85 per week in childcare, and the Father has a net monthly income of $2,831. However, based on the record before us, we cannot reconcile the trial court's findings as to the Mother's net income. In her financial affidavit dated February 2, 2005, but filed February 7, 2006, the Mother stated that her monthly gross income was $4,900 per month, but failed to state the amount of her monthly net income. Based on a monthly gross income of $4,900, it seems unlikely that she nets only $3,215 per month. Therefore, we reverse the trial court's findings as to the Mother's net income, and remand for a reconsideration and recalculation of her monthly net income, and a recalculation of the Father's *959 monthly child support obligations, if necessary.
As to the Father's net income, in his financial affidavit dated December 9, 2005, he represented that his monthly gross income was $2,759.50 and his monthly net income was $2,290.35.[1] However, based on several paystubs in the record that are dated in late 2005, it appears that he earns much more. The Father's paystubs indicate that his gross earnings are $1,602.15 biweekly, which equates to $41,655.90 per year and approximately $3,471.32 per month. Therefore, the trial court's finding as to the Father's net monthly income of $2,831 is supported by the record.[2]
The Father also contends that the trial court abused its discretion by failing to consider his support obligation for his three other children who live with him when setting his child support obligation for the parties' minor child. We agree.
In the instant case, based on the figures contained in the final judgment, after paying the court-ordered child support and arrearage, the Father would have $2,075 per month to support his three other children and their mother, and to exercise his visitation rights with the parties' child, which presently requires the Father to drive from Vero Beach to Miami Lakes. On the other hand, based on the figures contained in the final judgment, after receiving the court-ordered child support and arrearage, the Mother would have $3,971 per month to support herself, the parties' child, and another child.[3]
The child support guidelines do not directly address the current situation. Section 61.30(3)(f), Florida Statutes (2006), allows a deduction from gross income for "[c]ourt-ordered support for other children which is actually paid." In the instant case, section 61.30(3)(f) is inapplicable because the Father does not pay "court-ordered" support as his three other children reside with him. Although the Father is not entitled to a deduction from gross income for the support he provides to his three other children, section 61.30(11)(a)(11), Florida Statutes (2006), allows a court to "adjust the minimum child support award, or either or both parents' share of the minimum child support award . . . to achieve an equitable result."[4] While we recognize that this provision is discretionary, we conclude that under the circumstances presented in this case, specifically the Father's limited net income, the trial court abused its discretion by not considering the Father's obligation to support his three other children. See Henderson v. Henderson, 905 So.2d 901, 904 n. 2 (Fla. 2d DCA 2005)("While the *960 obligation to support children not subject to any prior support action is not an allowable deduction from gross income, in some circumstances it is a matter that can be considered as grounds for a deviation under other provisions of section 61.30.")(citing Hutslar v. Lappin, 652 So.2d 432 (Fla. 1st DCA 1995)); Joye v. Jones, 789 So.2d 508, 509 (Fla. 1st DCA 2001)(noting that "child-support guidelines statute vests wide discretion in the trial court to take into account a parent's obligation of support to other children, in the determination of what is a proper child-support award for the minor child who is the subject of the support action" and holding that "lower tribunal acted within its discretion in considering evidence pertaining to [father's] seemingly indulgent or extravagant lifestyle and his generous church contributions during periods when he claimed to be in dire financial straits"); Flanagan v. Flanagan, 673 So.2d 894, 895 (Fla. 2d DCA 1996)(holding that trial court "abused its discretion by failing to consider [mother's] preexisting support obligation to [son] in determining the amount she could pay for support of her two later-born sons.")[5]; Hutslar v. Lappin, 652 So.2d 432, 434 (Fla. 1st DCA 1995)(holding that parent's obligation of support for "other children is a matter that can be considered under section 61.30(11)(k)" and finding that the trial court abused its discretion by failing to consider other children when determining child support award); Short v. Short, 577 So.2d 723, 723 (Fla. 2d DCA 1991)(holding that trial court did not abuse its discretion by deviating from the child support guidelines where section 61.30 permits a trial court to adjust the child support award to achieve an equitable result).
The Father raises other arguments on appeal, including that the trial court abused its discretion by denying his request for shared custody of the parties' minor child, and that the visitation arrangement was also an abuse of discretion. As there is no merit as to these arguments, we affirm the trial court's determinations as to these matters.
Affirmed in part; reversed in part; and remanded for further proceedings.
NOTES
[1] On the other hand, on April 3, 2006, he filed his child support guidelines worksheet indicating that his monthly income was $2,046, and in his motion to deviate from the child support guidelines, he stated that his gross yearly income was $28,041, which would equate to $2,336.75 per month.
[2] We do acknowledge that based on the documents contained in the record, his past yearly gross earnings appear to be substantially less.
[3] The record indicates that the Father is the sole support for his three other children and their mother, and that the Mother is the sole support for her other child.
[4] Section 61.30(11)(a)(11), Florida Statutes (2006), provides as follows:

(11)(a) The court may adjust the minimum child support award, or either or both parents' share of the minimum child support award, based upon the following considerations:
. . . .
11. Any other adjustment which is needed to achieve an equitable result which may include, but not be limited to, a reasonable and necessary expense or debt. Such expense or debt may include, but is not limited to, a reasonable and necessary expense or debt which the parties jointly incurred during the marriage.
[5] In Flanagan, in finding that the trial court abused its discretion, the Second District relied on section 61.30(11)(k), Florida Statute (1993), which provides:

(11) The court may adjust the minimum child support award, or either or both parent's share of the minimum child support award, based upon the following considerations:
. . . .
(k) Any other adjustment which is needed to achieve any equitable result which may include, but not be limited to, a reasonable and necessary existing expense or debt. Such expense or debt may include, but is not limited to, a reasonable and necessary expense or debt which the parties jointly incurred during the marriage.
Section 61.30(11)(k) has since been renumbered as section 61.30(11)(a)(11), but both provisions are similarly worded.