PER CURIAM.
 

 ON MOTION FOR CLARIFICATION
 

 We grant the Commission on Ethics’ motion for clarification and substitute the following in lieu of the original opinion.
 

 Alexander J. Milanick appeals a final order awarding Charles Osborne, the former mayor of Beverly Beach, $77,234.43 in attorney’s fees and costs he incurred to defend against an ethics complaint Milan-ick filed against him.
 
 [1]
 
 Milanick argues that the Administrative Law Judge (“ALJ”) abused its discretion in denying his motion for continuance to retain counsel. On cross-appeal, Osborne challenges the Commission’s denial of attorney’s fees and costs incurred in connection with the administrative hearing held September 28, 2007, and Milanick’s attempt to seek discretionary review with the Florida Supreme Court of this court’s decision in
 
 Osborne v. Commission on Ethics,
 
 951 So.2d 25 (Fla. 5th DCA 2007).
 

 A motion for continuance is addressed to the sound judicial discretion of the trial court and absent abuse of that discretion its decision will not be reversed on appeal.
 
 Fleming v. Fleming,
 
 710 So.2d 601, 603 (Fla. 4th DCA 1998). The same discretion is vested in the ALJ. Fla. Admin. Code R. 28-106.210. Finding the ALJ did not abuse its discretion, we affirm the denial of Milanick’s motion for continuance.
 

 Section 112.317(7), Florida Statutes (2007), entitles Osborne to an award of reasonable attorney’s fees and costs incurred in defending against the ethics complaint. This includes proving entitlement to and the amount of those costs and
 
 *731
 
 fees, including fees and expenses incurred after the administrative hearing.
 
 See Kaminsky v. Lieberman,
 
 675 So.2d 261, 262 (Fla. 4th DCA 1996).
 

 Osborne’s invoices for legal fees in exhibits 6 and 7 reflect services rendered in connection with the supreme court proceeding and the administrative hearing. We hold that Osborne is entitled to an award of attorney’s fees and costs incurred in connection with the September 28, 2007, hearing, including services rendered both during and after the hearing. Osborne is not entitled, however, to any fees or costs for services rendered in connection with the supreme court proceeding. Even where a fee award is mandatory, absent a mandate or determination by the appellate court that fees are appropriate, the lower tribunal has no jurisdiction to award the fees.
 
 Respiratory Care Servs., Inc. v. Murray D. Shear, P.A.,
 
 715 So.2d 1054, 1056 (Fla. 5th DCA 1998). Osborne did not request an award of fees incurred with respect to the supreme court proceedings. Accordingly, we reverse the Commission’s order to the extent it denied an award of fees and costs related to the administrative proceeding and affirm the denial of such fees for the supreme court proceeding.
 

 To summarize, we affirm Milanick’s appeal, concluding that the ALJ did not abuse its discretion in denying his motion for a continuance to retain counsel. We affirm in part and reverse in part Osborne’s cross-appeal, denying his claim for attorney’s fees and costs relative to the supreme court proceeding, but approving an award of fees and costs rendered in connection with the September 28, 2007, administrative hearing. The Commission, upon remand, must determine which entries from exhibits 6 and 7 reflect services rendered with respect to the administrative proceeding and disregard entries that relate to the supreme court matter. Finally, this court grants Osborne’s motion for appellate attorney’s fees and remands the matter for the Commission to determine and assess a reasonable award for the appeal.
 

 Upon remand, the Commission shall apply the approach described in
 
 Florida Patient’s Compensation Fund v. Rowe,
 
 472 So.2d 1145 (Fla.1985), to determine a reasonable award of attorney’s fees and costs. Further, in determining a reasonable award for appellate fees, the Commission shall not award appellate attorney’s fees based upon Osborne’s unsuccessful claim for fees attributable to the supreme court proceeding.
 
 See Imperial Terrace East Homeowner’s Ass’n, Inc. v. Grimes,
 
 666 So.2d 276, 277 (Fla. 5th DCA 1996) (explaining that “a court may reduce an attorney’s fees award based upon the ‘results obtained’ if a ‘party prevails on a claim or claims for relief, but is unsuccessful on other unrelated claims’ ”) (quoting
 
 Rowe,
 
 472 So.2d at 1151).
 

 AFFIRMED in part, REVERSED in part, and REMANDED with directions.'
 

 MONACO and COHEN, JJ., and KEST, S., Associate Judge, concur.
 

 [1]
 

 . In
 
 Osborne v. Commission on Ethics,
 
 951 So.2d 25 (Fla. 5th DCA),
 
 review dism’d,
 
 962 So.2d 337 (table) (Fla.2007), we reversed a final order denying an award of attorney’s fees and costs in favor of Osborne and remanded for further proceedings to establish the amount. The ensuing administrative hearing is the subject of this appeal.