PER CURIAM.
 

 Wayne E. Myles appeals the final administrative support order in child support proceedings under section 409.2563, Florida Statutes. The order is appealable pursuant to section 120.68, Florida Statutes.
 

 The Department of Revenue concedes that the final order erroneously imputes income to Mr. Myles without adequate explanation. There is no finding that Myles is voluntarily unemployed, as that term is used in section 61.30(2)(b), Florida Statutes and there is no finding that either parent failed to file a financial affidavit or that there was a lack of sufficient reliable information concerning Mr. Myles’ actual
 
 *1136
 
 earnings. § 409.2563(5)(a), Fla. Stat. Absent either of these statutory circumstances, the presumption that a parent’s earning capacity is equal to the federal minimum wage does not arise.
 

 We find no error in the Administrative Law Judge’s findings of fact and consequent denial of credit to Mr. Myles for the two other children residing with him and his wife, under
 
 Speed v. Florida Dep’t of Revenue,
 
 749 So.2d 510 (Fla. 2d DCA 1999). Likewise, we find no error in the Administrative Law Judge’s credit to Mr. Myles for the support payments actually made during the retroactive period.
 

 In light of the Department’s concession of legal error, the Final Administrative Support Order is set aside in part and remanded for recalculation of the parents’ incomes and for entry of a Final Administrative Support Order which adequately describes the basis for the determination of the parents’ incomes and the corresponding retroactive and current child support amounts. The remainder of the Order is affirmed.
 

 PADOVANO, LEWIS, and CLARK, JJ., concur.