NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


KERRY EDSON HARRIS,          )
                                    )
        Appellant,        )
                                    )
v.                           )      Case No. 2D14-4855
                                    )
DEPARTMENT OF REVENUE o/b/o   )
VANDA INSIXIENGMAY,        )
                                    )
        Appellee.        )
_____)

Opinion filed May 6, 2016.

Appeal from the Department of Revenue.

Frederick L. Pollack of Hunter Law, P.A.,
Tampa, for Appellant.

Pamela Jo Bondi, Attorney General, and
Toni C. Bernstein, Senior Assistant
Attorney General, Tallahassee, for
Appellee.


KHOUZAM, Judge.

        Kerry Edson Harris, the father, appeals the final administrative support

order entered after a hearing.  See § 409.2563, Fla. Stat. (2014).[1]  We reverse.

---

        [1]We have jurisdiction under Florida Rule of Appellate Procedure
9.030(b)(1)(C).

The father and Vanda Insixiengmay have two children. The father has five other children, three of whom are from a prior marriage. In May 2014, the Department of Revenue mailed Harris a notice advising him that DOR was initiating administrative action to establish child support for the two children he had with Ms. Insixiengmay.

DOR later sent the father a proposed administrative support order setting a support obligation for the two children. The father, pro se, objected to the proposed order and DOR referred the matter to the Department of Administrative Hearings. DOAH set the matter for a hearing and mailed the father a notice of hearing. The notice set a date and time for a hearing but was silent as to any time constraints on the hearing.

The father then obtained counsel who filed a motion for continuance, and the hearing was rescheduled. The father's counsel also filed a motion to deviate from the child support guidelines, which, in pertinent part, sought a credit for his three children from a prior marriage pursuant to Florida Department of Revenue ex rel. Marshall v. Smith, 716 So. 2d 333 (Fla. 2d DCA 1998), and Speed v. Florida Department of Revenue ex rel. Nelson, 749 So. 2d 510 (Fla. 2d DCA 1999), because the children spent nearly half of their overnights with the father and he provided actual support for them in addition to court-ordered child support. In support of his motion, the father attached a copy of the Final Judgment of Dissolution which included a copy of the parenting plan. The parenting plan showed that the three children spent approximately 43% of their overnight stays with Harris. Harris' motion was also supported by his financial affidavit and a proffered support guidelines worksheet that estimated what the father's obligation would be if the children did not have any overnights with him.

The hearing was held before an administrative law judge. Despite the fact that neither the initial notice nor the order rescheduling the hearing set any time limitations on the hearing, the ALJ enforced a forty-five minute time limit on the hearing. Two issues were addressed during the hearing. First, the parties litigated a dispute concerning how the father's income was to be calculated. Following a ruling on the first issue, the ALJ stated the following to DOR's counsel: "We're moving on. You're the one who needs to conclude this hearing in the next fifteen minutes, and we have other issues that have been raised by the respondent, and I'm not going to not allow him to pursue them."

Despite this statement, the ALJ moved on to address the father's motion for a deviation from the guidelines. In ruling on the father's request for a credit pursuant to Smith and Speed, the ALJ opined, for the first time, that she would not be able to grant such a credit without the guidelines worksheet from the father's divorce which resulted in the court-ordered support for these children. The following exchange then took place between the ALJ and the father's counsel:

> Mr. Pollack: Given our limited time, Your Honor, I—I certainly have no problem if the court wants to take it under advisement and allow us to submit that in writing or—
> ALJ: No.
> Mr. Pollack:—continue it to provide the—
> ALJ: No sir. The—the hearing had been continued once, and you were instructed to come here with any evidence you wanted, and I understand what your argument is, but there is no way for me to fairly quantify the impact of time-sharing to the extent that resulted in a lowered court ordered child support.
> It's a very interesting concept, and I've given it some thought, but I don't have the evidence to take it into account so I'm not going to.

The father's counsel objected, arguing that the time provided for the hearing was insufficient and that he was not able to address the individual evidence he provided in support of his motion. DOR also objected to the time constraints placed on the hearing because it was not afforded an opportunity to question the father's employer with regard to the reduction in the father's income.

Following the hearing, the ALJ entered a final administrative support order. The order denied Harris' request for a credit under Smith and Speed, reasoning that in order "[t]o quantify the downward adjustment, [Harris] would have to offer the guidelines worksheet used to establish his $200 per month support obligation, so that the calculation could have been recreated without the 43% time-sharing adjustment factor[.]" Harris timely appealed.

On appeal, Harris argues that the ALJ abused its discretion in limiting the hearing to forty-five minutes and denying his motion for a continuance. He further argues that the ALJ erred in finding that a copy of the support guidelines from his prior divorce was required in order to obtain a credit under Smith and Speed. We agree.

Article I, section 9 of the Florida Constitution provides: "No person shall be deprived of life, liberty or property without due process of law." Generally, due process is satisfied by notice and an opportunity to be heard. Ryan v. Ryan, 277 So. 2d 266, 274 (Fla. 1973). "[T]he opportunity to be heard must be 'at a meaningful time and in a meaningful manner.' " Keys Citizens for Responsible Gov't, Inc. v. Fla. Keys Aqueduct Auth., 795 So. 2d 940, 948 (Fla. 2001) (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976)). This court reviews "whether a party was denied the opportunity to be heard for abuse of discretion." Dep't of Children & Families v. T.S., 154 So. 3d 1223, 1226 (Fla.

- 4 -

4th DCA 2015) (citing C.K. v. Dep't of Children & Family Servs., 88 So. 3d 975, 977 (Fla. 2d DCA 2012)).

Trial courts enjoy broad discretion in ruling on motions for continuance. Neal v. Swaby, 975 So. 2d 431, 433 (Fla. 2d DCA 2007). "The same discretion is vested in the ALJ." Milanick v. Osborne, 6 So. 3d 729, 730 (Fla. 5th DCA 2009) (citing Fla. Admin. Code R. 28-106.210). "However, the exercise of that discretion is not absolute." Neal, 975 So. 2d at 433. A reviewing court should consider the following factors when evaluating whether a trial court has abused its discretion in ruling on a motion for continuance:

> 1) whether the movant suffers injustice from the denial of the motion; 2) whether the underlying cause for the motion was unforeseen by the movant and whether the motion is based on dilatory tactics; and 3) whether prejudice and injustice will befall the opposing party if the motion is granted.

Id. at 433 (quoting Baron v. Baron, 941 So. 2d 1235-36 (Fla. 2d DCA 2006)).

We sympathize with the ALJ's efforts to expediently resolve this case, but on the record before this court, Harris was denied due process by the arbitrary time constraint and refusal to grant a continuance. DOR would not have suffered injustice or prejudice from continuing the hearing, Harris had no prior notice that there would be a forty-five minute limitation on the hearing, and the motion was not based on dilatory tactics. In fact, DOR also objected to the time limitations placed on the hearing. We recognize that the hearing had been continued once before, but a single continuance granted because a party has recently obtained counsel does not, by itself, justify the denial of a second continuance under these circumstances. Further, the ALJ erred by denying Harris' request for a credit under Smith and Speed without considering the evidence submitted in support. There are multiple calculations that may be utilized to

determine the amount of such a credit. See Smith, 716 So. 2d at 334-35. Even though one of those avenues was foreclosed this should not have been the end of the analysis.[2] Because the father was not afforded due process, on remand, the ALJ shall fully consider his request for a credit under Smith and Speed.

Accordingly, we reverse the administrative support order insofar as it denied Harris' request for a credit under Smith and Speed and remand to the ALJ to hold an additional hearing for reconsideration of the matter.

Affirmed in part, reversed in part, and remanded.

LaROSE, and CRENSHAW, JJ., Concur.

---

[2]We express no opinion as to whether the ALJ ultimately reached the correct result. To do so would require this court to evaluate the credibility of the evidence submitted in support of the father's motion. After considering the father's evidence the ALJ may very well reach the same ultimate conclusion that the father is not entitled to the credit he seeks.