# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4604
_____

FLORIDA DEPARTMENT OF
REVENUE, on behalf of SHARON
WIND,

     Appellant,

     v.

MARK COCHRAN,

     Appellee.

CORRECTED PAGES: pg 5
CORRECTION IS UNDERLINED IN RED
MAILED: August 13, 2018
BY: KMS

_____

On appeal from the Division of Administrative Hearings.
Robert Kilbride, Administrative Law Judge.


August 10, 2018


WETHERELL, J.

The Department of Revenue, on behalf of Sharon Wind (the mother), appeals the Final Administrative Paternity and Support Order (FAPSO) establishing Mark Cochran's (the father's) initial child support obligation for the parties' then-one-year-old daughter, H.R.W. (the child). The Department argues that the administrative law judge (ALJ) erred in the FAPSO by giving the

father a *Smith*[1]/*Speed*[2] credit for his prospective support of a then-unborn child when calculating his support obligation for the child in this case. For the reasons that follow, we agree and reverse.

### Facts

After a DNA test showed that there was a 99.999999999% probability of the father's paternity of the child, the Department served the father with a proposed order establishing his paternity and his child support obligation for the child. *See* §§ 409.256, 409.2563, Fla. Stat. (2017). The father timely notified the Department that he disagreed with the proposed support obligation, and the case was referred to the Division of Administrative Hearings. The case was assigned to an ALJ and a hearing was held on September 28, 2017.

At the hearing, the mother and father testified about their incomes, expenses, and the daycare costs for the child. The father also testified that he and his then-girlfriend (now fiancée) were expecting the birth of a child in November 2017, and in response to questions from the ALJ,[3] the father testified about the girlfriend's income and expenses. Based on this testimony—which the ALJ found "credible" and "certain"—the ALJ included a *Smith*/*Speed* credit for the father in the child support guidelines worksheet attached to the FAPSO. The ALJ explained in the FAPSO that "the Smith Speed credit [was] conditioned on the upcoming birth and [the father]'s support of his new biological child" and that "[t]he Smith Speed award and calculation reflects

---

[1]  *Dep't of Revenue ex rel. Marshall v. Smith*, 716 So. 2d 333 (Fla. 2d DCA 1998).

[2]  *Speed v. Dep't of Revenue ex rel. Nelson*, 749 So. 2d 510 (Fla. 2d DCA 1999).

[3]  During his questioning of the father, the ALJ cryptically stated, "I am not going to commit to what I will be doing with the information, but it is something we need to do if we have [other] children involved."

the reality of the upcoming and imminent birth of another child, and will avoid the need for additional modification proceedings."

The father's current support obligation would have been $683 per month without the *Smith/Speed* credit. However, with the credit, the FAPSO set the father's support obligation at $573 per month, plus an additional $52 per month for retroactive support,[4] for a total of $625 per month, effective November 1, 2017.[5]

The Department timely appealed the FAPSO to this court.

## Analysis

On appeal, the Department argues that it was error for the ALJ to consider the father's then-unborn child when calculating his support obligation for the child in this case. This argument was not raised below, and as a general rule, we will not consider an argument that is raised for the first time on appeal. *See Sunset Harbour Condo. Ass'n v.* Robbins, 914 So. 2d 925, 928 (Fla. 2005) (quoting *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985)); *Williams v. Williams*, 152 So. 3d 702, 704 (Fla. 1st DCA 2014); *Goodson v. Dep't of Bus. & Prof. Reg.*, 978 So. 2d 195, 196 (Fla. 1st DCA 2008). However, in this case, there was no reason for the Department to

---

[4] The Department did not challenge the calculation of the retroactive support, which was based on guideline worksheets that did not include a *Smith/Speed* credit. The father did not file a cross-appeal challenging the FAPSO, but he argued in his answer brief that the retroactive support should only go back to May 2017, when he received the results of the DNA test, rather than August 2016, when the child was born. This argument is procedurally barred and will not be considered. *See Dep't of Revenue v. Osagie*, 229 So. 3d 1289 (Fla. 1st DCA 2017) (striking answer brief to the extent it sought affirmative relief because the appellee had not filed a cross-appeal).

[5] Although not raised by the Department, we note that the ALJ failed to explain why the reduced child support obligation commenced on November 1 when the ALJ found that the child was not due to be born until November 30.

raise this issue at the hearing because (1) the father did not request a *Smith/Speed* credit for his then-unborn child at any point in the proceedings, and (2) the ALJ took the case under advisement at the conclusion of the hearing without informing the parties of his intent to award such a credit. Then, after the credit appeared for the first time in the FAPSO,[6] the Department did not have the opportunity to raise the issue with the ALJ because "a motion for rehearing is not authorized in the context of the administrative establishment of child support obligations under section 409.2563, Florida Statutes." *Dep't of Revenue v. Vanamburg*, 174 So. 3d 640, 642 (Fla. 1st DCA 2015). Accordingly, in these circumstances, appellate review is not precluded by the Department's failure to raise the issue below.

The issue of whether a *Smith/Speed* credit can be awarded for a parent's prospective support of an unborn child presents a pure question of law that we review *de novo*. *See Dep't of Revenue v. Price*, 182 So. 3d 782, 782 (Fla. 1st DCA 2015) ("We review the trial court's application of the statute to the undisputed facts de novo.").

The *Smith/Speed* credit is an equitable adjustment to the obligor's child support obligation to account for the obligor's support of other biological children. *See Dep't of Revenue ex rel. Shirer v. Shirer*, 197 So. 3d 1260, 1262 n.2 (Fla. 2d DCA 2016) ("*Smith* credit refers to credit for the support of other children born prior to the children for which the support order is being sought."). The credit is calculated based upon (1) the amount of support that the obligor would have to pay for the other child(ren) under the guidelines if he and the other child(ren)'s mother divorced;[7] (2) a

---

[6] The FAPSO was issued by the ALJ three days after the hearing, on October 1, 2017.

[7] Cases applying the *Smith/Speed* credit typically involve additional children that were born in a marriage and is based upon the premise that public policy does not support requiring a party to get divorced in order to deviate from the guideline award. *See, e.g., Speed*, 749 So. 2d at 511; *Smith*, 716 So. 2d at 335. Likewise, as here, a party should not be required to get married and then divorced in order to be given an equitable deviation for his or her support of another child. *See Dep't of Revenue ex rel. Gilmore v.*

4

pre-existing support obligation; or (3) the amount that would be reasonably expended for the other child(ren)'s support. *See Speed*, 749 So. 2d at 510–11; *Smith*, 716 So. 2d at 334–35; *Flanagan v. Flanagan*, 673 So. 2d 894 (Fla. 2d DCA 1996).

The *Smith/Speed* credit is not a deduction from the obligor's gross income because section 61.30(3)(f), Florida Statutes, only allows for a deduction of "[c]ourt-ordered support for other children which is actually paid."  Instead, the credit is an equitable adjustment under section 61.30(11)(a)11., Florida Statutes, which allows the trial court (or, here, the ALJ) to make "[a]ny other adjustment [to the guideline support amount] that is needed to achieve an equitable result." *See Ogando v. Munoz*, 962 So. 2d 957, 959–60 (Fla. 3d DCA 2007) ("Although the Father is not entitled to a deduction from gross income for the support he provides to his other three children, section 61.30(11)(a)(11), Florida Statutes, (2006), allows a court to 'adjust the minimum child support award, or either or both parents' share of the minimum child support award . . . to achieve an equitable result.'"); *Henderson v. Henderson*, 905 So. 2d 901, 904 n.2 ((Fla. 2d DCA 2005) ("While the obligation to support children not subject to any prior support action is not an allowable deduction from gross income, in some circumstances it is a matter that can be considered as grounds for a deviation under other provisions of section 61.30."); *Joye v. Jones*, 789 So. 2d 508, 509 (Fla. 1st DCA 2001) (explaining that trial courts are vested with "wide discretion . . . to take into account a parent's obligation of support to other children, in the determination of what is a proper child-support award for the minor child who is the subject of the support action").

The ALJ did not cite, nor has our research located, a single case involving an award of a *Smith/Speed* credit for an unborn child.  The absence of such authority is not surprising because it is well-established that the child support obligation does not commence until the birth of the child. *See Dep't of Revenue ex rel.*

---

*Johnson*, Case No. 1D17-4036 (Fla. 1st DCA Aug. 10, 2018) (finding no abuse of discretion in ALJ's award of a *Smith/Speed* credit for consistent and regular support payments for non-marital children).

*Smith v. Selles*, 47 So. 3d 916, 921 (Fla. 1st DCA 2010) (quoting *Morris v. Swanson*, 940 So. 2d 1256, 1257 (Fla. 1st DCA 2006) ("Support is a dual obligation owed by both biological parents to their child *from the moment of the child's birth*.") (emphasis added); *Horn v. Dep't of Revenue ex rel. Abel*, 752 So. 2d 687, 688 (Fla. 3d DCA 2000) ("Under common law, a child was entitled to support retroactive to the date of birth."); *Ellis v. Humana of Fla., Inc.*, 569 So. 2d 827, 828 (Fla. 5th DCA 1990) ("And while the [parent] had no direct obligation of child support before the birth of the child, this inchoate obligation created at fertilization springs forth into full life upon the birth of the newborn child.").

The award of a *Smith/Speed* credit for an unborn child also raises practical problems. Although the ALJ found in the FAPSO that there was "no evidence or argument presented to suggest that this imminent birth [of the father's then-unborn child] was not credible or certain," there is never a guarantee of a healthy pregnancy or delivery. If the unborn child was not born, the father would have received a windfall to the detriment of the child at issue in this case and the mother would be forced to file a modification petition to increase the award to what it should have been had the *Smith/Speed* credit not been awarded.

## Conclusion

For the reasons stated above, the ALJ erred in giving the father a *Smith/Speed* credit for his prospective support of a then-unborn child when calculating the father's initial support obligation for the child in this case. Accordingly, we reverse the FAPSO and remand for entry of a new order consistent with this opinion.

REVERSED and REMANDED with instructions.

ROBERTS and OSTERHAUS, JJ., concur.

6

_____

***Not final until disposition of any timely and
authorized motion under Fla. R. App. P. 9.330 or
9.331.***

_____


Pamela Jo Bondi, Attorney General, and Toni C. Bernstein, Senior
Assistant Attorney General, Tallahassee, for Appellant.

Mark Cochran, pro se, Appellee.