667 So.2d 487 (1996)
James Dwayne COPELAND, Appellant/Cross Appellee,
v.
Rosemary COPELAND, Appellee/Cross Appellant.
No. 95-1322.
District Court of Appeal of Florida, First District.
February 6, 1996.
John F. Roscow III of Scruggs & Carmichael, P.A., Gainesville, for appellant/cross appellee.
Allison E. Folds of Watson, Folds, Steadham, Tovkach, Walker & Marston, Gainesville, for appellee/cross appellant.
WOLF, Judge.
Both James Dwayne Copeland, the former husband in this dissolution of marriage proceeding, and Rosemary Copeland, the former wife, appeal several aspects of the partial final judgment dissolving marriage. We approve the trial court's rulings as to all the contested issues except for that regarding the deduction for tithing in calculating available income for purposes of determining child support.
The partial final judgment dissolving marriage states in relevant part:
17. The parties agree that, during the marriage, they faithfully and reliably tithed 10 percent of their income to their church. At trial, the wife testified she has not continued this practice after the separation, although the husband testified that he still makes this contribution. Both parties acknowledge that this tithing was money committed to their church and was never available for family consumption; for these reasons, the court would consider both parties' tithing as a deduction from their gross income for purposes of calculating child support, as authorized by section 61.30, Florida Statutes (1991).
The language of 61.30(3)[1] was intended to permit only those items listed in *488 the statute as deductions from gross income. Hutslar v. Lappin, 652 So.2d 432, 434 (Fla. 1st DCA 1995). Money tithed is not included as a deduction under the statute. Because the statute does not allow discretion in establishing allowable deductions, the trial court erred in ordering the amount tithed be deducted from the gross income when calculating child support.
Accordingly, we reverse that portion of the final judgement of dissolution of marriage which provides for the deduction for tithing. In all other respects, the judgment is affirmed.
JOANOS and VAN NORTWICK, JJ., concur.
NOTES
[1] § 61.30, Child support guidelines

(3) Allowable deductions from gross income shall include:
(a) Federal, state, and local income tax deductions, adjusted for actual filing status and allowable dependents and income tax liabilities.
(b) Federal insurance contributions or self-employment tax.
(c) Mandatory union dues.
(d) Mandatory retirement payments.
(e) Health insurance payments, excluding payments for coverage of the minor child.
(f) Court-ordered support for other children which is actually paid.