709 So.2d 628 (1998)
Dirk BERKMAN, Appellant,
v.
Walt FOLEY and Mary Foley, Appellees.
No. 97-2417.
District Court of Appeal of Florida, Fourth District.
April 15, 1998.
Rehearing Stricken May 28, 1998.
Kenneth W. Fromknecht, II of Warner, Fox, Seeley, Dungey & Sweet LLP, Stuart, for appellant.
Richard H. Levenstein of Richard H. Levenstein, P.A., Stuart, for appellees.
FARMER, Judge.
We reverse the summary judgment in this mechanics lien foreclosure case upon the following conclusions:
1. The initial summary judgment against the corporate plaintiff, on the grounds that it was not a licensed contractor, was not res judicata against the individual plaintiff who did have the requisite license but was not named as a party at the time of the summary judgment.
2. The amendment to the complaint to add the individual plaintiff related back to the commencement of the action, so that the claim of the individual to foreclose the mechanics lien was not untimely. See Fla. R. Civ. P. 1.190(c); Cabot v. Clearwater Constr. Co., 89 So.2d 662, 664 (Fla.1956); Kozich v. Shahady, 702 So.2d 1289,1291 (Fla. 4th DCA 1997) (addition of party relates back where new and former parties have identity of interest that does not prejudice opponent); Associated Television and Comm. Inc. v. Dutch Village Homes of Melbourne, Ltd., 347 So.2d 746, 748 (Fla. 4th DCA 1977).
3. The contract is not fatally ambiguous as to the identity of the contracting party who would build the structure and who would thus be entitled to payment. Although the contracting party in question is stated on the first page of this form as "Dick Berkman/Designer Group", who is identified as the "contractor," the contract was signed on the last page for the "seller" by one "Sharon Kelly."[1] At the same time, the other contracting party is stated on the first page as "Walter or Mary Foley," identified as "owner," and their signature on the last page was made above a line for "buyer." In spite of these inconsistencies the Foleys had *629 no trouble making progress payments to "Designer Group" during construction even though they now contend a fatal ambiguity as to the final payment.
These inconsistencies in form merely create an ambiguity as to the person entitled to payment as between Berkman and Designer Group. Even if a summary judgment against Designer Group had not already removed the corporation from the issues in the case, parole evidence would be admissible to clear up that ambiguity if two or more parties were claiming the entitlement to payment. In this case, however, the only claim for payment is by Berkman and then only as to completed work. The lien affidavit was made and signed by Berkman who was therein identified as a corporate officer of Designer Group. Knowing that Designer Group was not a licensed contractor while Berkman was, the Foleys can hardly claim confusion, much less cancellation of the contract and thereby a windfall as to the unpaid but completed work. As Judge Schwartz said in Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337, 1339 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla.1979), "the courts will not allow the practice of the `Catch-22' or `gotcha!' school of litigation to succeed." See also Chatmon v. Woodard, 492 So.2d 1115, 1116, n. 2 (Fla. 3d DCA 1986) ("We cannot accept a `gotcha' type stratagem like this one.").
REVERSED.
GUNTHER and KLEIN, JJ., concur.
NOTES
[1] It is not disputed that Sharon Kelly signed the contract as an agent on behalf of Berkman/Designer Group. While the precise text and organization of a form contract may create triable issues as to whether a contract was executed in a representative capacity, Florida Medical Center v. McCoy, 657 So.2d 1248, 1251 (Fla. 4th DCA 1995), here the issue is whether Berkman was the represented principal. The ambiguity is not fatal; it merely creates the necessity for proof.