736 So.2d 1207 (1999)
Robert A. HOELZLE, Appellant,
v.
Susan SHAPIRO, f/k/a Susan S. Hoelzle, Appellee.
No. 98-2069.
District Court of Appeal of Florida, First District.
May 5, 1999.
*1208 Pro se, for Appellant.
Frank E. Sheffield, Tallahassee, for Appellee.
BROWNING, J.
Appellant, Robert Hoelzle (Hoelzle), former husband of Appellee, Susan Shapiro (Shapiro), appeals a judgment of contempt for failure to comply with the parties' final judgment of dissolution of marriage. Hoelzle argues that the trial judge erred by finding him in contempt for claiming head of household status, earned income credit, and household and dependent care expenses on his 1997 federal income tax return, and ordering him to assign all of his entitlement to claim such benefits to Shapiro, because such exemptions are not covered by the final judgment and are unassignable under federal law. Shapiro contends the trial judge should be affirmed because Hoelzle failed to provide this court with a transcript of the proceedings in the trial court; and because she is entitled to claim head of household status, earned income credit, and household and dependent care expenses for 1997 federal income tax purposes in the final judgment. We reverse and remand with instructions.
The facts are not in dispute. The parties terminated their marriage on July 15, 1996. The final judgment incorporated a marital settlement agreement that provided, among other things, which party would be entitled to claim their minor child as a "dependent" on his or her federal income tax return during the period of the child's minority. The parties' agreement does not address who is entitled to claim head of household status, household and dependent care expenses, and earned income credit. However, Hoelzle provided the principal place of abode for the parties' child for more than one-half of the time in 1997. Hoelzle does not contest that Shapiro is entitled to claim the minor child, as a dependent exemption, for tax purposes in 1997, but a conflict arose when Hoelzle claimed tax benefits from head of household status, earned income credit, and household and dependent care expenses on his 1997 federal income tax return. Shapiro contends that she is entitled to claim their child, not only as a dependent exemption, but for all purposes that might accrue federal income tax benefits, including head of household status, earned tax credit, and household and dependent care expenses, because those benefits are provided to her under the parties' marital settlement agreement. The trial judge agreed with Shapiro, finding that the word "dependent," as used in the parties' marital settlement agreement, because of "custom, and interpretation of the laws of Florida," and "the words of paragraph 22 in the marital settlement agreement," compel such a finding. Accordingly, the trial judge ordered Hoelzle to file amendments to his 1997 tax return to reflect that he is not entitled to claim head of household status, household and dependent care expenses, and earned income tax credit benefits, and sign all documents required to allow Shapiro to claim such benefits. Hoelzle timely appealed.
As Hoelzle failed to provide, for this court's review, a transcript of the lower proceedings, Shapiro argues this is fatal to his appeal. A transcript is required as a condition of review of a factual determination by a trial judge when exercising *1209 judicial discretion. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979); Padgett v. Estate of Gilbert, 676 So.2d 440 (Fla. 1st DCA 1996). However, a question of law, as opposed to a question of fact, receives de novo review by this court. Walsingham v. Dockery, 671 So.2d 166, 172 (Fla. 1st DCA 1996), citing Rich v. Dollar, 841 F.2d 1558, 1563 (11th Cir. 1988). The right to claim federal income tax exemptions under the provisions of the parties' marital settlement agreement is one of law, not of fact. Accordingly, we can, and must, consider the questions of law presented by Hoelzle.
Under federal enactments an unmarried taxpayer, who at the close of a taxable year maintains as his home a household, which constitutes for more than one-half of the taxable year the principal place of abode of certain "dependents," such as the parties' son, shall be entitled to claim head of household status, household and dependent care expenses, and earned tax credit. 26 U.S.C. §§ 2(b)(1)(A)(i), 21(e)(5), and 32(a)-(c); Ferguson v. Commissioner, T.C. Memo 1994-114,1994 WL 87576; Lestrange v. Commissioner, T.C. Memo 1997-428, 1997 WL 582141. The right to claim these entitlements can be determined only by the Internal Revenue Service; and state courts, through divorce decrees and subsequent orders, cannot determine issues of federal tax law unless authorized to do so by Congress. Cafarelli v. Commissioner, T.C. Memo 1994-265, 1994 WL 247039. These determinations are contrasted with the entitlement of parties to claim the dependency exemption, which entitlement Congress specifically permits to be determined by affected taxpayers through the exercise of private contract rights. 26 U.S.C. § 152(e)(2)(A). Here the parties agreed upon the dependency exemption, which agreement is enforceable, but did not agree on head of household status, household and dependent care expenses, or earned tax credit. More importantly, they are not permitted to do so under federal law. Cafarelli.
It is undisputed that Hoelzle provided the principal place of abode for the parties' minor child for more than one-half of the taxable year 1997. By doing so, only Hoelzle is entitled to claim head of household status, household and dependent care expenses, and earned income credit, subject to the review and approval of the Internal Revenue Service. The trial judge cannot determine these federal tax entitlements by an interpretation of a marital settlement agreement, and by imposition of an order of contempt in the absence of Congressional authorization. Congress has left this for the sole determination of the Internal Revenue Service. Thus, the trial judge erred by attempting to adjudicate these rights between the parties pursuant to state contract law.
We REVERSE and REMAND with instructions to dismiss Shapiro's Motion and Notice of Contempt.
BARFIELD, C.J., and LAWRENCE, J., CONCUR.