905 So.2d 901 (2005)
Sharlotte HENDERSON, Appellant,
v.
Roderick L. HENDERSON, Sr., Appellee.
No. 2D03-5513.
District Court of Appeal of Florida, Second District.
March 18, 2005.
Rehearing Denied May 6 and July 12, 2005.
*902 Tarya A. Tribble of Tribble Law Center, P.A., Riverview, for Appellant.
Karol K. Williams of Karol K. Williams, P.A., Tampa, for Appellee.
SALCINES, Judge.
Sharlotte Henderson, the Former Wife, appeals the circuit court's order which adopted a general master's report and recommendation in regard to the modification of child support and visitation sought by Roderick L. Henderson, Sr., the Former Husband. The Former Wife specifically challenges the downward modification of the Former Husband's child support obligation for the parties' minor child as well as a portion of the ruling regarding visitation. We reverse and remand.
The underlying final judgment of dissolution entered in 1998 provided that the Former Husband would pay child support at a rate of $393.81 per month and that he would have frequent and continuing contact and communication with the parties' minor child. Subsequent to the entry of the final judgment, the Former Wife filed a supplemental petition for modification seeking an increase in child support. The Former Husband, in response, sought a reduction of his existing child support obligation and the implementation of a specific visitation schedule. The parties' respective petitions were heard by a general master. The findings of the general master were set forth in a report and recommendation, and exceptions were filed. The circuit court denied the exceptions and adopted the general master's report and recommendation.
*903 In the report and recommendation, the general master determined what each parties' portion of the child support obligation should be. That determination was based, in part, on hypothetical assumptions. The general master found that the Former Husband had one child from a relationship prior to the marriage, imputed income to the mother of the previously born child, and determined that the Former Husband's child support obligation for that child would be $603 per month. The general master also found that the Former Husband had two children from a relationship subsequent to the marriage and determined that the Former Husband's child support obligation for those children would be $854 per month. The general master then deducted those amounts from the Former Husband's gross income. The general master made no findings that the foregoing amounts were court ordered and actually paid by the Former Husband.
After reducing the Former Husband's gross income, the general master determined that the Former Husband's child support obligation for the parties' minor child should be reduced to $272 per month.
The general master also set forth a visitation schedule and, in this regard, recommended the following:
That the Court reserve jurisdiction to reassess the visitation for potential expansion after the parties have accommodated the current change in the visitation. The Former Husband does not need to show a substantial change for the Court to consider the expansion of his visitation and the Court shall look at the best interests of the child.
The circuit court adopted the report and recommendation in toto. No transcript of the hearing before the general master was provided to the circuit court or to this court.
While a trial court cannot overturn a general master's findings of fact unless they are clearly erroneous, it can and should reject a general master's recommendation if it misconceives the legal effect of the evidence. See, e.g., Ares v. Cypress Park Garden Homes I Condo. Ass'n, 696 So.2d 885 (Fla. 2d DCA 1997).
As the Former Wife failed to provide, for this court's review, a transcript of the hearing before the general master, the Former Husband argues this is fatal to her appeal. In many circumstances, the Former Husband's contention would be correct. However, while a conclusion or decision of the lower tribunal will generally be affirmed if the evidence or an alternative theory supports it, a misconception of a controlling principle of law can constitute grounds for reversal. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). An appellate court will reverse, even in the absence of a transcript, where an error of law is apparent on the face of the judgment. See Chirino v. Chirino, 710 So.2d 696 (Fla. 2d DCA 1998).
A question of law, as opposed to a question of fact, receives de novo review by this court. Hoelzle v. Shapiro, 736 So.2d 1207 (Fla. 1st DCA 1999). The right to claim a statutory deduction to a spouse's gross income under the child support guideline is a mixed question of law and fact. The determination of the appropriate legal standard to be applied in a case is decided as a matter of law. Accordingly, we can, and must, consider the questions of law presented by the Former Wife.
The Former Wife challenges the downward modification of the Former Husband's child support obligation. The downward modification was not deemed a deviation from the child support guidelines (as expressly reflected on each guidelines worksheet prepared by the general master), but rather, it resulted from a calculation *904 in which the general master reduced the Former Husband's gross income figure by subtracting certain deductions. Those deductions included support amounts for previously and subsequently born children.[1] To establish those amounts, the general master completed a child support guidelines worksheet for the previously and subsequently born children making a variety of assumptions which can best be described as "hypothetical." The general master attached those worksheets to the report and recommendation making a specific reference to the worksheets in that report.
The general master's calculations were facially erroneous. Section 61.30(3), Florida Statutes (2003), lists deductions to be taken from gross income in order to determine each parent's net income. Only the items listed in the statute may be taken as deductions from gross income. Copeland v. Copeland, 667 So.2d 487 (Fla. 1st DCA 1996). Court-ordered support for other children which is actually paid by a parent is included in the statutory list. § 61.30(3)(f). The obligation to support children not subject to any prior support action is not listed as an allowable deduction from gross income. See, e.g., Hutslar v. Lappin, 652 So.2d 432 (Fla. 1st DCA 1995).
In the present case, the general master deducted from the Former Husband's gross income the hypothetical amounts calculated in the worksheets rather than an actual amount of paid, court-ordered child support. This was improper. See Sierra v. Ellison, 677 So.2d 406 (Fla. 3d DCA 1996) (reversing where trial court recalculated the amount of child support it felt the father should be paying and used that amount as the deduction rather than the actual amount of court-ordered support the father was paying for other children). Indeed, our record contains no evidence that the Former Husband's hypothetical obligations were court ordered or actually paid and, in fact, contains evidence to the contrary-his sworn petitions and affidavits. Thus, the modification of the Former Husband's child support is reversed and remanded for further proceedings.[2]
The Former Wife also challenges the ruling which attempts to prospectively modify the appropriate standard to be applied *905 to any future modification of visitation which may be sought by the Former Husband. A trial court may not modify visitation unless the party moving for such modification demonstrates: (1) a substantial or material change in the circumstances of the parties since the entry of the custody and visitation order, and (2) that the welfare of the child will be promoted by a change in custody and visitation. See Knipe v. Knipe, 840 So.2d 335 (Fla. 4th DCA 2003). In the present case, the general master recommended that the Former Husband need not establish a substantial change in circumstances if he decides to seek a modification of the visitation schedule at some point in the future, and the circuit court adopted the recommendation. The inclusion of an incorrect standard to be applied prospectively was erroneous. On remand, the circuit court is instructed to strike that provision.
Reversed and remanded for further proceedings consistent herewith.
SILBERMAN and VILLANTI, JJ., Concur.
NOTES
[1] The Former Wife suggests that the general master might have included a deceased child in the calculations. Although the parties acknowledge that one of the subsequently born twins is deceased, there is some suggestion in the record that the Former Husband had another child after the death of that child. The Former Husband claims to have a number of children. It is unclear how many children the Former Husband actually has and whether any of his children have reached majority or are children to whom he owes no duty of support. Due to the lack of a transcript, we must defer to the general master's factual findings concerning the number of previously and subsequently born children for which the Former Husband would arguably owe some kind of support.
[2] The Former Wife also raised concerns regarding whether the Former Husband's support for his other children would have justified any deviation from the child support guidelines amount. While the obligation to support children not subject to any prior support action is not an allowable deduction from gross income, in some circumstances it is a matter that can be considered as grounds for a deviation under other provisions of section 61.30. See Hutslar, 652 So.2d 432; but see § 61.30(12) (placing a number of restrictions on when and how support of subsequently born children can be taken into consideration). A court may deviate from the presumptive child support guidelines amount by up to 5 percent, without explanation, using the considerations in section 61.30(11). See § 61.30(1)(a). A deviation of more than 5 percent, however, requires a written finding explaining why ordering payment of such guidelines amount would be unjust or inappropriate. Id. In the present case, the general master's report and recommendation indicated that a deviation from the guidelines amount was not requested. Thus, the report did not include written findings in that regard.