BLACK, Judge.
Spring Lake NC, LLC, SBK Capital, LLC, Clear Choice Health Care, LLC, Samuel B. Kellett, and Jason Canias (collectively Spring Lake) challenge the circuit court’s order denying their motion to compel arbitration. Spring Lake argues that the court considered improper evidence and argument in denying the motion and that the court deprived Spring Lake of due process. We find merit in these arguments and reverse the order denying the motion.
The underlying lawsuit is Benjamin Figueroa’s action as personal representative of the Estate of Lucy R. Figueroa against Spring Lake for negligence, wrongful death, breach of fiduciary duties, and violations of section 415.1111, Florida Statutes (2010). After Mr. Figueroa filed the lawsuit, Spring Lake sought to compel arbitration pursuant to the arbitration agreement signed by the decedent as part of the contract between the decedent and Spring Lake Rehabilitation Center. The agreement provided for resolution of all disputes “arising out [of] or in any way related or connected to this Agreement,” including disputes “based on contract, tort, statute, ... warranty or any alleged breach, default, negligence, wantonness, fraud, misrepresentation or suppression of fact or inducement,” as well as “claims under chapter 400 of the Florida Statutes.” It also provided:
Intending to be legally bound, the parties expressly agree that this Agreement will be governed by the Federal Arbitration Act. It is the express intent of the parties to have a binding arbitration agreement.
[[Image here]]
An arbitration hearing regarding any disputes shall be held before a board of three arbitrators (selected from a nationally recognized arbitration association), one chosen by each side in the dispute with the third to be chosen by the two arbitrators previously chosen. Such hearing and all other proceedings related to the arbitration of the claim(s) shall be conducted in accordance with the applicable rules of procedure governing the selected arbitrators that do not conflict with the FAA [Federal Arbitration Act].
At the hearing on Spring Lake’s motion to compel, Mr. Figueroa argued that the phrase “nationally recognized arbitration association” is ambiguous. Counsel also argued that he was aware of only three nationally recognized arbitration associations and that none would accept this type of case — a predispute arbitration agreement issue — making performance of the agreement impossible. Spring Lake argued that the phrase “nationally recognized arbitration association” is not ambiguous and that there are several nationally recognized associations, including groups not mentioned by Mr. Figueroa.
Ultimately, the circuit court found the phrase could only be interpreted in one way, making it unambiguous. However, the court then ruled that it was “up to [Spring Lake] to tell me [whether other nationally recognized arbitration associations exist]. All right. Motion to compel arbitration is denied.” Neither the court’s *1214 oral ruling nor its order explain the rationale for the denial. Presumably, despite its ruling that the arbitration agreement’s language was not ambiguous, the court found Mr. Figueroa’s impossibility argument persuasive.
On appeal, Mr. Figueroa again argues that the phrase “nationally recognized arbitration association” is ambiguous. He also argues that Spring Lake was unable to identify nationally recognized arbitration associations other than those named by Mr. Figueroa when asked to do so by the circuit court. In turn, Spring Lake argues that there is no ambiguity in the agreement’s language and that Spring Lake’s inability to identify other nationally recognized arbitration associations was the result of a lack of notice that Mr. Figueroa would be arguing impossibility at the hearing. Spring Lake also argues that the court improperly required Spring Lake to carry the burden of establishing the existence of nationally recognized arbitration associations other than those named by Mr. Figueroa.
This court employs “a de novo standard to review the circuit court’s construction of the arbitration agreement and its application of the law to the facts found.” New Port Richey Med. Investors, LLC v. Stern ex rel. Petscher, 14 So.3d 1084, 1086 (Fla. 2d DCA 2009) (citing Shotts v. OP Winter Haven, Inc., 988 So.2d 639, 643 (Fla. 2d DCA 2008)). We also consider whether arbitration agreement terms are ambiguous de novo. SCG Harbourwood, LLC v. Hanyan, 93 So.3d 1197, 1200 (Fla. 2d DCA 2012). Where a motion to compel arbitration has been filed and the arbitration agreement is valid on its face, it is the burden of the party seeking to avoid arbitration to demonstrate that the agreement is invalid. See In re Managed Care Litigation, 132 F.Supp.2d 989, 1000 (S.D.Fla.2000), rev’d on other grounds sub nom PacifiCare Health Sys., Inc. v. Book, 538 U.S. 401,123 S.Ct. 1531, 155 L.Ed.2d 578 (2003). Generally, the court should “resolve any doubt concerning the scope of the provisions in favor of arbitration and ... give harmonious effect to all the terms.” C.C. Borden Constr., Inc. v. Walding Co., 94 So.3d 725, 725 (Fla. 1st DCA 2012); see Wallshein v. Shugarman, 50 So.3d 89, 90-91 (Fla. 4th DCA 2010). In so doing, we consider the intent of the parties as “discerned from the total writing and not particular provisions or disjointed parts.” SCG Harbourwood, 93 So.3d at 1200. “If a contract provision is clear and unambiguous, a court may not consider extrinsic or parol evidence to change the plain meaning set forth in the contract.” Id. (citing Jenkins v. Eckerd Corp., 913 So.2d 43, 52 (Fla. 1st DCA 2005)).
Neither party disputes that the issue before the circuit court was whether there was a valid agreement, an issue properly within the circuit court’s province. See ManorCare Health Servs., Inc. v. Stiehl, 22 So.3d 96, 99 (Fla. 2d DCA 2009) (“[T]he trial court’s role in deciding whether to compel arbitration is limited to three ‘gateway’ issues: ‘(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.’ ” (quoting Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999))). Presumably here, although without so ruling, the circuit court found the arbitration agreement void. No other basis to deny the motion to compel arbitration was argued.
Although Spring Lake’s first issue on appeal primarily addresses parol evidence being improperly admitted to clarify the phrase “nationally recognized arbitration association,” it also makes the argument that the court erred in denying the motion to compel arbitration when it clearly found *1215 the phrase unambiguous. The court found: “That’s a good question whether it’s fatally ambiguous. I’m not convinced at this point. I mean I’m — I don’t know what else it could mean I guess is — ... just my gut feeling is there’s only one way to interpret it....”
Here, the phrase “nationally recognized arbitration association” is not ambiguous. There is only one reasonable interpretation of the language. See BKD Twenty-One Mgmt. Co. v. Delsordo, — So.3d -, - (Fla. 4th DCA 2012) (“[Contractual language is ambiguous only if it is susceptible to more than one reasonable interpretation.”). Moreover, Mr. Figueroa provided no argument as to why the phrase is ambiguous, nor did he provide conflicting or varied interpretations of the phrase.[1] As a result, Mr. Figueroa’s counsel’s argument that he was unaware of any nationally recognized arbitration association that would handle a predispute arbitration agreement case should not have been considered by the circuit court, making its contemplation reversible error. See SCG Harbourwood, 93 So.3d at 1200; Wallshein, 50 So.3d at 92. Nonetheless, even if the phrase were ambiguous, thereby allowing extrinsic evidence, Mr. Figueroa’s evidence related not to ambiguity but to his impossibility defense.[2] Thus, the court’s reliance on this evidence is also reversible error.
With regard to the second issue on appeal, we agree with Spring Lake that the court erred in — presumably—finding the agreement invalid because it is impossible to perform. To the extent Mr. Figueroa argues that the only nationally recognized arbitration associations would not take this type of case, thus making the agreement invalid, he is mistaken.
Both the Florida Arbitration Code and the FAA “specifically address[ ] the eventuality of the unavailability of the parties’ chosen arbitrator to conduct the arbitration.” New Port Richey Med. Investors, 14 So.3d at 1087. A similar argument was presented in New Port Richey Medical Investors. In that case, the arbitration agreement provided that disputes would be submitted to arbitration before the American Arbitration Association and that the agreement was governed by Florida law and the Florida Arbitration Code. Id. at 1086. The issue before this court was “the enforceability of the parties’ arbitration agreement in light of the unavailability of the designated forum for the conduct of the arbitration.” Id. at 1087. Resolution of the case turned on the language of section 682.04, Florida Statutes (2007), which provided that “if the agreed method [for appointment of arbitrators] fails or for any reason cannot be followed ... the court ... shall appoint one or more arbitrators or an umpire.” New Port Richey Med. Investors, 14 So.3d at 1087 (quoting § 682.04). The FAA contains a similar provision:
[I]f for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of *1216 either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein....
9 U.S.C.A. § 5 (2010).
Here, the agreement is expressly governed by the FAA. See S.D.S. Autos, Inc. v. Chrzanowski, 976 So.2d 600, 604 n. 10 (Fla. 1st DCA 2007). And even to the extent Florida laws were to apply, the applicable provision of Florida’s Arbitration Code provides the same result: the agreement “is not rendered invalid or unenforceable simply because the [selected forums are] unavailable to conduct the arbitration. Instead, the circuit court must appoint another arbitrator or arbitrators.” New Port Richey Med. Investors, 14 So.3d at 1087; see § 682.04, Fla. Stat. (2010); see generally S.D.S. Autos, Inc., 976 So.2d 600. Finally, the requirement that the arbitrators be selected from a nationally recognized arbitration association is not integral to the agreement itself. And Mr. Figueroa failed to present any evidence that it was. See New Port Richey Med. Investors, 14 So.3d at 1087. Thus, both the FAA — which clearly governs this agreement — and Florida’s Arbitration Code authorize the court to appoint arbitrators where the parties have failed to name them, thereby negating Mr. Figueroa’s impossibility argument.
Mr. Figueroa’s impossibility argument also fails because impossibility of performance is a defense to nonperformance and refers to situations where the purpose for which the contract was made has become impossible to perform. See Crown Ice Mach. Leasing Co. v. Sam Senter Farms, Inc., 174 So.2d 614, 617 (Fla. 2d DCA 1965). The language of the arbitration agreement here, taken as a whole, demonstrates a clear intent to arbitrate disputes arising from the contract. That purpose is not derailed by either complying with the terms of the agreement— selecting arbitrators from nationally recognized arbitration associations — or by the court appointing arbitrators, as discussed above. With regard to the former, although Mr. Figueroa argues that Spring Lake failed to name a nationally recognized arbitration association that could take a predispute arbitration agreement case, Spring Lake did, in fact, identify another association. Spring Lake’s attorney stated, “I believe there’s another forum but I don’t know if it’s now defunct or not but the National Arbitration Association was another national forum.” Mr. Figueroa’s counsel stated that he believed that forum was no longer in business, but neither attorney was sure. As a result, Mr. Figueroa failed to carry his burden in establishing impossibility as an affirmative defense.
The circuit court erred in multiple ways in denying Spring Lake’s motion to compel arbitration. First, the court should have concluded the hearing when it determined that the phrase “nationally recognized arbitration association” was not ambiguous. Second, even if the court could have found ambiguity in that phrase, the evidence submitted by Mr. Figueroa was insufficient to establish multiple, reasonable interpretations of the phrase. And third, Mr. Figueroa’s impossibility argument failed because the purpose for which the agreement was drafted — arbitration—was not rendered impossible given the FAA’s provisions regarding court appointment of arbitrators and Mr. Figueroa’s failure to provide sufficient evidence that no nationally recognized arbitration association would take this type of case.
Because of these errors, we reverse the denial of the motion to compel arbitration *1217 and remand for further proceedings consistent with this opinion.
WALLACE and MORRIS, JJ., Concur.

. In fact, counsel for Mr. Figueroa based his argument less on the ambiguity of the phrase and more on whether the three nationally recognized arbitration associations he was familiar with would take this type of case. We note that the latter argument seems to negate the former. However, to the extent both arguments can be made, we address each in the manner raised by Spring Lake.

. We note that counsel's personal knowledge and averments are not evidence in this case. See Hitt v. Homes & Land Brokers, Inc., 993 So.2d 1162, 1166 (Fla. 2d DCA 2008). Thus, only the papers printed from the internet websites of the arbitration associations could have been submitted as evidence. See New Port Richey Med. Investors, 14 So.3d at 1086.