BLACK, Judge.
The Department of Revenue (DOR) challenges the trial court’s final judgment establishing paternity, parental timeshar-ing, and child support. DOR argues that the trial court erred in calculating S.J.W.’s child support obligation. DOR specifically challenges the deduction of $541.67 from the gross income attributed to S.J.W. (the father) based on a court-ordered support obligation to another child. DOR contends that because evidence established that the father had not been paying that child support, it should not have been deducted from his income. We agree and reverse.
The final judgment orders the father to pay child support in the amount of $23.37 per month. In arriving at this figure, the court subtracted the amount of a prior court-ordered child support obligation from the father’s imputed gross income. This left a monthly net income of $563.20. The court also ordered retroactive child support based on the $23.37 per month figure. Attached to the final judgment is a child support worksheet indicating that $541.67 was deducted from the father’s gross income of $1256.67 for “legally ordered child support.” Although Florida Family Law Form 12.902(e) was attached to the final judgment, it was not completed and does not indicate the actual child support to be paid.
DOR is challenging the determination of child support, which this court would generally review for an abuse of discretion. See Hoffman v. Hoffman, 98 So.3d 196, 196 (Fla. 2d DCA 2012). However, “[t]he right to claim a statutory deduction to a spouse’s gross income under the child support guideline is a mixed question of law and fact. The determination of the appropriate legal standard to be applied in a case is decided as a matter of law.” Henderson v. Henderson, 905 So.2d 901, 903 (Fla. 2d DCA 2005). Here, the issue presented by DOR is a question of law and we review it de novo. See id.) see also L.A.P. v. State, 62 So.3d 693, 694 (Fla. 2d DCA 2011) (“‘Questions of statutory interpretation are subject to de novo review.’” (quoting Mendenhall v. State, 48 So.3d 740, 747 (Fla.2010))). Although the record on appeal does not contain transcripts of either the final hearing or the hearing on DOR’s motion for rehearing, a statement of the facts was prepared and submitted to this court in compliance with Florida Rule of Appellate Procedure 9.200(b)(4).
At the final hearing to determine paternity and child support obligations in this case, the father testified that he was current on the child support ordered in case number 2001-DR-006310. As a result, the trial court deducted that child support figure — $541.67—from his imputed income. At the time of the final hearing, the father was unemployed and the court imputed income to him.
In its motion for rehearing, DOR alleged that a review of the father’s payment records from the Domestic Relations Department of the clerk of the court revealed that he was delinquent in the amount of $81,720 and in arrears in the amount of $6820 with regard to the payment of his *87 child support obligation in case 2001-DR-006310. At the hearing on DOR’s motion, the father’s first wife testified that he was current on his child support payments to her and that he paid her directly. However, on cross-examination she testified that she had not received any child support payments from the father since December 2010. In lieu of payments, he had been working around her house. She also testified that prior to December 2010, the father’s child support payments varied in amount.
Following rehearing, the court entered an order finding that “as long as [the first wife] is willing to bring an action [to] zero out the account balance as reflected in the domestic relations [case] number [2001-DR — 006310] the [father] should be given credit for that child support obligation in the current case in accordance with Florida Statute 61.30(3)(f).” The court then deferred ruling on DOR’s motion for rehearing for several days to give the first wife time to take action to reduce the account balance to zero. The court did not order the father to pay the arrearages or delinquent amount.
Although nothing in our record indicates whether or how the trial court received notice of a zero balance in case 2001-DR-006310, on June 13, 2011, the court entered the final judgment in which it deducted the child support ordered in case 2001-DR-006310 from the father’s income. Based on this, we must presume that the court was satisfied that the account balance had been reduced to zero.
Section 61.30, Florida Statutes (2011), governs the determination of child support and lists the deductions to be taken from a parent’s gross income to determine his or her net income for purposes of child support computation. One of the listed deductions is “[c]ourt-ordered support for other children which is actually paid.” § 61.30(3)(f) (emphasis added). Here, it is uncontested that the father was under court order to pay child support in case 2001-DR-006310. The issue is whether he actually paid that support.
The intent and meaning of section 61.30(3)(f) require no explanation. See Henderson, 905 So.2d at 904 (“[T]he general master deducted from the Former Husband’s gross income the hypothetical amounts calculated in the worksheets rather than an actual amount of paid, court-ordered child support.... [O]ur record contains no evidence that the Former Husband’s hypothetical obligations were ... actually paid....”); Sierra v. Ellison, 677 So.2d 406, 407 (Fla. 3d DCA 1996) (“The record reflects that Sierra is actually paying court-ordered child support....”). The phrase “actually paid” is not ambiguous; it has only one reasonable interpretation. See Spring Lake NC, LLC v. Figueroa, 104 So.3d 1211, 1215 (Fla. 2d DCA 2012). Thus, we give the statute “its plain and obvious meaning” and do not “extend, modify, or limit [ ] its express terms or its reasonable and obvious implications.” Velez v. Miami-Dade Cnty. Police Dep’t, 934 So.2d 1162, 1164-65 (Fla.2006) (citations omitted) (internal quotation marks omitted). Just as “[t]he obligation to support children not subject to any prior support action is not listed as an allowable deduction,” Henderson, 905 So.2d at 904, neither is court-ordered support which is not paid, is in arrears, or is delinquent.
Because the record conclusively established that the father had not actually paid his court-ordered child support obligation in case 2001-DR-006310 at the time of the rehearing, and the court did not order him to pay the arrearages and delinquent amounts, our conclusion is that the father did not actually pay the court-ordered child support. As a result, the trial court reversibly erred in deducting $541.67 *88 from the father’s income to determine his child support obligation in the current case. We reverse and remand for further proceedings on the issue of child support.
Reversed and remanded.
VILLANTI and WALLACE, JJ., Concur.