NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

4927 VOORHEES ROAD, LLC; FLORIDA )
HOLDINGS, III, LLC; HARBORSIDE )
HEALTHCARE CORPORATION; )
SUNBRIDGE HEALTHCARE )
CORPORATION n/k/a Sunbridge )
Healthcare, LLC; SUN HEALTHCARE )
GROUP, INC.; ANITA C. FAULMAN; )
KIMBERLY ANN VERMILYEA; DONNA W. )
MORRIS; and ANTOINETTE R. CLAUSI )
(as to Orchard Ridge Care and )
Rehabilitation Center), )
)
Appellants, )
)
v. ) Case No. 2D13-5988
)
STEVEN M. MALLARD, as Personal )
Representative of the Estate of Edith )
Mallard, Deceased, )
)
Appellee. )
_____ )

Opinion dated April 24, 2015.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pasco County;
Stanley R. Mills, Judge.

Thomas A. Valdez and Kevin W.
Richardson of Quintairos, Prieto, Wood &
Boyer, P.A., Tampa, for Appellants.

Isaac R. Ruiz-Carus, Megan L. Gisclar, and
Lydia D. Wardell of Wilkes & McHugh, P.A.,
Tampa, for Appellee.

BLACK, Judge.

4927 Voorhees Road, LLC; Florida Holdings, III, LLC; Harborside Healthcare Corporation; Sunbridge Healthcare Corporation n/k/a Sunbridge Healthcare, LLC; Sun Healthcare Group, Inc.; Anita C. Faulman; Kimberly Ann Vermilyea; Donna W. Morris; and Antoinette R. Clausi (collectively, the nursing home) challenge the order denying their motions to compel arbitration. Because the trial court did not consider whether the applicable arbitration agreement was valid on its face, we reverse and remand for reconsideration of the motions.

Steven Mallard, as personal representative of the Estate of Edith Mallard, sued the nursing home pursuant to the provisions of chapter 400, Florida Statutes. The nursing home moved to compel arbitration relying on an arbitration agreement executed by Ms. Mallard when she began her residency at the nursing home in April 2009. At the hearing on the nursing home's motions, evidence established that on April 30, 2009, Ms. Mallard signed the original Admission Agreement which included an agreement to arbitrate. The arbitration agreement provided, in relevant part: "If not cancelled, this Agreement shall be binding on the Resident for this and all of the Resident's other admissions to the Facility without any need for further renewal."

Subsequent to her initial admission, Ms. Mallard was hospitalized and upon her return to the nursing home on June 2, 2009, she executed a readmission agreement. The readmission agreement provided that Ms. Mallard agreed "to abide by

- 2 -

all the terms and conditions of the Admission Agreement and all other forms contained in the Admission Package entered into by [the parties] on May 26, 2009."[1]

Following a second hospitalization, Ms. Mallard again returned to the nursing home. The second readmission agreement, with identical language to the first, was executed on July 8, 2009, by Ms. Mallard's son Steven. Steven did not have a power of attorney or other legal authority to act on behalf of Ms. Mallard.

Perhaps because the allegations in the complaint involve only the period between July 8, 2009, and Ms. Mallard's death in September 2009, the trial court focused on the second readmission agreement at the hearing and in its order. Specifically, the court considered whether the second readmission agreement was valid and bound Ms. Mallard and her Estate to the terms of the original admission and arbitration agreements. In denying the motions to compel arbitration, the court implicitly found the second readmission agreement invalid. However, the agreement sought to be enforced, to compel arbitration, was the arbitration agreement which was part of the Admission Agreement signed April 30, 2009. In that regard, the trial court found that insufficient evidence was presented as to whether "the parties continued to perform under the terms of the original admission agreement or under the terms of the first readmission agreement, both of which appear to have been validly signed by the deceased."

---

[1]The fact that Ms. Mallard executed the original Admission Agreement and arbitration agreement on April 30, 2009, and not May 26, 2009, makes no difference in our determination of the issue on appeal.

- 3 -

Although the parties did not present evidence regarding their respective performance during Ms. Mallard's second readmission to the nursing home, such evidence was unnecessary to determine that the arbitration agreement signed by Ms. Mallard as part of the Admission Agreement would extend to her readmissions. The arbitration agreement expressly bound Ms. Mallard from the time of her first admission through and including "all of the Resident's other admissions to the Facility without any need for further renewal." (Emphasis added.) The arbitration agreement clearly contemplated readmissions, and by signing it Ms. Mallard agreed that any readmissions would be governed by the agreement to arbitrate.

Further, "because arbitration provisions are contractual in nature, construction of such provisions and the contracts in which they appear remains a matter of contract interpretation." Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999). All provisions of the arbitration agreement must be interpreted in such a way as to prevent rendering them meaningless, see Kel Homes, LLC v. Burris, 933 So. 2d 699, 704 (Fla. 2d DCA 2006); Ibis Lakes Homeowners Ass'n v. Ibis Isle Homeowners Ass'n, 102 So. 3d 722, 730 (Fla. 4th DCA 2012), and to " 'give harmonious effect to all the terms,' " Spring Lake NC, LLC v. Figueroa, 104 So. 3d 1211, 1214 (Fla. 2d DCA 2012) (quoting C.C. Borden Constr., Inc. v. Walding Co., 94 So. 3d 725, 725 (Fla. 1st DCA 2012)). In this case, the only way to give meaning to the provision in the arbitration agreement contemplating readmissions is to determine that Ms. Mallard's execution of a readmission agreement was unnecessary to require arbitration of the claims in the Estate's lawsuit. Cf. LTCSP-St. Petersburg, LLC v. Robinson, 96 So. 3d 986, 988 (Fla. 2d DCA 2012) (affirming denial of motion to compel arbitration where the readmission

form required it "be signed by all the same person/s who signed the original admission agreement, or a new admission agreement must be signed"). The arbitration agreement executed by Ms. Mallard and included in the original Admission Agreement remained in effect at all times relevant to this case pursuant to its express terms.

"Where a motion to compel arbitration has been filed and the arbitration agreement is valid on its face, it is the burden of the party seeking to avoid arbitration to demonstrate that the agreement is invalid." Spring Lake, 104 So. 3d at 1214. Here, the court did not consider whether the arbitration agreement was valid on its face nor did the Estate concede its validity.

Accordingly, we reverse the order denying the motions to compel arbitration and remand for further proceedings.

Reversed and remanded.

CASANUEVA and MORRIS, JJ., Concur.