DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LCS PRESIDENTIAL PLACE TENANT LLC** d/b/a **PRESIDENTIAL PLACE, HOLLYWOOD SA TENANT OPCO, LLC** d/b/a **PRESIDENTIAL PLACE, BRE ROOK SH PRESIDENTIAL PLACE, LLC** d/b/a **PRESIDENTIAL PLACE,** and **SOLVERE HOLDINGS, LLC,**
Appellants,

v.

**CHERYL DAVIS,** individually and as personal representative of the **ESTATE OF SUE DAVIS**,
Appellee.

No. 4D2025-0083

[July 30, 2025]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE24-005775.

Thomas A. Valdez and Megan G. Colter of Quintairos, Prieto, Wood & Boyer, P.A., Tampa, and David M. Pérez of Quintairos, Prieto, Wood & Boyer, P.A., Miami, for appellants.

Kimberly L. Boldt of Ratzan, Weissman & Boldt, Boca Raton, and Philip Freidin and Jonathan E. Freidin, of Freidin Brown, P.A., Miami, for appellee.

PER CURIAM.

We reverse the order denying appellants' motion to compel arbitration and remand to the circuit court with instructions to grant the motion.

Appellants are the owners and operators of the Presidential Place assisted living facility. They seek enforcement of an arbitration agreement entered into by a now deceased resident, Sue Davis, upon her admission. The parties to the initial 2019 Arbitration Agreement were the decedent and "the Community, and its owners and operators."

In 2020, as the decedent's health declined, she was moved to the facility's memory care unit. Appellee, the decedent's daughter, executed

new agreements on the decedent's behalf, as her "legal representative" and "responsible party."

Appellants initially sought to compel arbitration pursuant to the 2020 Arbitration Addendum, but appellee successfully challenged the validity of the 2020 agreements, claiming that she had lacked authority under the power of attorney to execute the residency agreement on her mother's behalf and only signed the arbitration addendum as a financially responsible party.

Appellants then moved to compel arbitration under the initial 2019 Arbitration Agreement executed by the decedent. The trial court denied the motion, finding that appellants were nonsignatories to that agreement.

*Legal Standards*

This court's review of an order denying a motion to compel arbitration is de novo. *Glenn B. Wright Const. & Dev., Inc. v. Cohara*, 87 So. 3d 1276, 1277 (Fla. 4th DCA 2012).

"[T]here are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). All parties agree that the only *Seifert* element at issue in this case is the first prong—whether a valid written agreement to arbitrate exists.

The party seeking enforcement of an arbitration agreement bears the burden of establishing that an enforceable agreement exists. *Steve Owren, Inc. v. Connolly*, 877 So. 2d 918, 920 (Fla. 4th DCA 2004). However, "[w]here a motion to compel arbitration has been filed and the arbitration agreement is valid on its face, it is the burden of the party seeking to avoid arbitration to demonstrate that the agreement is invalid." *4927 Voorhees Rd., LLC v. Mallard*, 163 So. 3d 632, 635 (Fla. 2d DCA 2015).

"[T]he determination of whether an arbitration clause requires arbitration of a particular dispute necessarily 'rests on the intent of the parties.'" *Ibis Lakes Homeowners Ass'n v. Ibis Isle Homeowners Ass'n*, 102 So. 3d 722, 728 (Fla. 4th DCA 2012) (internal citations omitted).

2

*Discussion*

Appellants are entitled to enforce the 2019 Arbitration Agreement executed by the decedent upon entering the Presidential Place assisted living facility.

The 2019 Arbitration Agreement identified the parties as the resident and "the Community, and its owners and operators." "[T]he Community" is identified as Presidential Place, and it is undisputed that appellants are the owners and operators of Presidential Place.

The 2019 Arbitration Agreement also states: "[I]t is the intent of the Parties that this Arbitration Agreement between and among the parties shall inure to the benefit of, and survive these Parties, and their heirs, successors, and assigns." This language demonstrates that the parties intended the agreement to inure to the benefit of subsequent owners and successors in interest.

Finally, the 2019 Arbitration Agreement states that the agreement "shall remain in effect for all care and services rendered at Community subsequent to the date the agreement was signed, even if such care and services are rendered during a subsequent admission," reflecting that the agreement was intended to survive even if a patient left the facility and was readmitted, and as in the decedent's case, if a patient moved to a higher level of care. *See Mallard*, 163 So. 3d at 634 (involving a similar arbitration agreement that applied to subsequent admissions to a nursing home).

Together, these provisions indicate that appellants—the current owners and operators of Presidential Place—are beneficiaries or successors in interest of the 2019 Arbitration Agreement, which applied to any subsequently provided services by Presidential Place to the decedent.[1]

---

[1] We also note that the entity misnomer identified by appellee in the 2019 Agreement is legally insignificant. *See Berkman v. Foley*, 709 So. 2d 628, 628–29 (Fla. 4th DCA 1998) (holding that the failure to identify the correct entity in a contract is not "fatally ambiguous"); *Lash & Goldberg LLP v. Clarke*, 88 So. 3d 426, 427–28 (Fla. 4th. DCA 2012) (stating "[o]ne exception to the rule is that a non-signatory can compel arbitration when the signatory to the contract containing the arbitration clause alleges substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories").

We reject appellee's contention that a merger clause in the 2020 Residency Agreement superseded the 2019 Arbitration Agreement. Appellee successfully argued below that the 2020 Residency Agreement was invalid due to problems with its execution, so that agreement lacked the legal force to nullify the prior addendum. Moreover, the two contracts do not address the same rights and duties of the parties, and the 2020 Residency Agreement does not indicate an intent to nullify the 2019 Arbitration Agreement's language stating it survived a subsequent patient admission to the facility.

*Reversed and remanded with instructions.*

GROSS, CONNER and ARTAU, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***