# Third District Court of Appeal

## State of Florida

Opinion filed November 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0454
Lower Tribunal Nos. 2001793187, 13240019226FC, 25-000571CS

_____

**Karimah Hector**,
Appellant,

vs.

**Department of Revenue, et al.**,
Appellees.

An Appeal from the State of Florida, Department of Revenue.

Karimah Hector, in proper person.

James Uthmeier, Attorney General, and Sarah C. Prieto (Fort Lauderdale), Assistant Attorney General, for appellee Department of Revenue.

Before EMAS, BOKOR and GOODEN, JJ.

EMAS, J.

Karimah Akimah Hector appeals a Final Administrative Support Order by the State of Florida Division of Administrative Hearings, establishing her child support obligation for a minor child. The order on appeal was rendered following a hearing requested by Hector, and the only issue raised on appeal is that the administrative law judge refused or failed to consider certain financial obligations that affected her ability to pay, thus requiring reversal and remand for recalculation of her support obligation.

However, Hector has failed to provide a transcript of the evidentiary hearing, so we have no way of determining what evidence was presented to the administrative law judge or whether Hector properly preserved the issue for appellate review. See § 409.2563(6), Fla. Stat. (2025) (providing that at the evidentiary hearing "chapter 120 and the Uniform Rules of Procedure shall govern the conduct of the proceedings" and "[t]he administrative law judge shall consider all available and admissible information. . . ."); Dept. of Rev. v. Reyes, 181 So. 3d 1270, 1271 (Fla. 1st DCA 2015) (providing that "the ALJ was required to establish the father's child support obligation based on the evidence presented at the hearing.").

Because the ALJ's decision comes to us clothed with a presumption of correctness, the burden is on Hector to demonstrate error. In the absence of the requisite transcript, she cannot demonstrate error in the factual

2

determinations made by the administrative law judge.  See Macias v. Dep't of Rev. ex rel. Garcia, 16 So. 3d 985, 986 (Fla. 3d DCA 2009) (citing Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979)).

In addition, we find no error apparent on the face of the Final Administrative Support Order. And contrary to Hector's assertion, a "reduction" in her child support obligation based on her rent and utilities is not statutorily authorized. See § 61.30(3)(a)-(g), Fla. Stat. (2025) (enumerating "allowable deductions" from gross income); § 61.30(3) (providing:  "Net income is obtained by subtracting *allowable* deductions from gross income.") (emphasis added); see also Copeland v. Copeland, 667 So. 2d 487, 487-488 (Fla. 1st DCA 1996) (holding: "The language of 61.30(3) was intended to permit only those items listed in the statute as deductions from gross income."); Henderson v. Henderson, 905 So. 2d 901, 904 (Fla. 2d DCA 2005) ("Section 61.30(3). . . lists deductions to be taken from gross income in order to determine each parent's net income. Only the items listed in the statute may be taken as deductions from gross income") (citing Copeland, 667 So. 2d at 487).

Affirmed.